Anna Winslow Parker, Minor, by Virginia Rice Parker, Next Friend, Appellant, v. Raymond Edward Parker, Appellee.

Gen. No. 10,260.

Opinion filed October 14, 1948. Released for publication November 2, 1948.

PERRY & ELLIOTT, of Wheaton, for appellant.

MOORE & STAEHLIN, of Chicago, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal from an order of the circuit court of DuPage county dismissing for want of jurisdiction a petition in equity filed on behalf of Anna Winslow Parker, a minor, by Virginia Rice Parker, her next friend, and by Virginia Rice Parker on her own behalf, to require the defendant, Raymond Edward Parker, to contribute to the support of his minor daughter, the said Anna Winslow Parker.

From the pleadings, upon which this appeal is predicated, it appears that the defendant, Raymond Edward Parker, and Virginia Rice Parker were married in December 1937, and had one child, the petitioner, Anna Winslow Parker. They were divorced sometime thereafter in a court of general jurisdiction in the State of Indiana, and custody of the petitioner was granted to Virginia Rice Parker, but, inasmuch as the defendant, Raymond Edward Parker, was outside the jurisdiction of the court, and was served only by publication, no order for alimony or support was entered in that proceeding. The petition herein, as originally filed, and as amended, avers that Anna Winslow Parker is without funds for proper maintenance or support; and that Virginia Rice Parker does not possess sufficient money or property to support said minor, and prays that an order be entered requiring the defendant to contribute to the support of his child.

The circuit court sustained defendant's motions to strike the original petition filed on behalf of Anna

Winslow Parker, by Virginia Rice Parker as her next friend, and the amended petition submitted in the name of Virginia Rice Parker, on the grounds that no cause of action was stated, and that the court had no jurisdiction of the subject matter. From these determinations of the court, petitioners have appealed.

. The sole issue confronting this court is a question of law, whether a minor whose parents were divorced in another State in a proceeding where no support order could be entered, inasmuch as the defendant father was outside the jurisdiction of the court and served only by publication, can maintain a petition for support in a court of equity in Illinois, where the father has an established residence.

The petitioners contend that the circuit court erred in dismissing their complaint. They submit that defendant has a duty to support his child, which is enforceable only in Illinois, and that under the Illinois constitution, which provides that every person ought to find a certain remedy in the laws for all injuries and wrongs of which he may be aggrieved, redress may be had in this State in a court of equity by virtue of its plenary jurisdiction over the interests and estates of minors.

Defendant, however, maintains that a court of equity may not take jurisdiction of a petition for support of minor children, unless it is maintained under the provisions of the Illinois Divorce Act (ch. 40, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 109.169 *et seq.*]). Defendant argues, furthermore, that this proceeding presents the interests of the mother, Virginia Rice Parker, rather than those of the minor, Anna Winslow Parker, since the amended complaint superseded the original complaint filed on behalf of the child.

This court is constrained to consider the substance of the action, irrespective of pleading formalities. (*Szewczyk v. Szewczyk,* 320 Ill. App. 562.) The complaint involves the right of Anna Winslow Parker,

a minor, to support from her father, Raymond Edward Parker, rather than any interests or rights of her divorced parents.

Inasmuch as there is no question of the bona fide nature of the domicile of the petitioner, Virginia Rice Parker, in the State of Indiana, where the divorce was granted, this court will recognize and will give full faith and credit to the divorce decree and custody order of the Indiana court establishing the status of the parties. (*Williams v. North Carolina,* 325 U. S. 226; *Atkins v. Atkins,* 386 Ill. 345; Rest. of Conflict of Laws, § 116; Powell, ''And Repent At Leisure,'' 58 Harv. L. Rev. 930; 32 Va. L. Rev. 555.)

The divorce of petitioner's parents, however, did not abrogate the moral and legal obligation of the defendant to support his minor child. (*Kelley v. Kelley,* 317 Ill. 104; *Panther Creek Mines v. Industrial Commission,* 296 Ill. 565; *Plaster v. Plaster,* 47 Ill. 290; *Hoover v. Hoover,* 307 Ill. App. 590.)

The binding character of this obligation was emphasized by the Illinois Supreme Court in *Kelley v. Kelley, supra,* at p. 110:

''While the marriage relation may be dissolved and the marital rights and duties thereby brought to an end, the relation of parent and child cannot be destroyed. The obligation of the father to support his child begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by the decree granting a divorce nor by a decree granting the care and custody of his child to his wife or some other suitable person. (Citation.) His children are his blood. It is not their fault that their parents have been divorced. It is their right to be given care by those who brought them into the world until they are old enough to take care of themselves.''

In the instant case defendant's obligation to support his daughter could not be enforced by the

Indiana court at the time the divorce was granted. For, although the court had power to award and modify orders for support of minor children (Burns, Ind. Stats. 3–1219) nevertheless it had no jurisdiction to enter a personal decree against defendant to support his child, since he was outside of the State and served only by publication. Personal judgments for alimony and support may not be rendered on constructive service. (*Sowders v. Edmunds,* 76 Ind. 123; *Lytle v. Lytle,* 48 Ind. 200; 17 Am. Juris. § 518, p. 423; *Proctor v. Proctor,* 215 Ill. 275.)

Moreover, since defendant is presently residing in Illinois, the Indiana court is still without power to enter a personal decree requiring him to contribute to the support of his child. Any such order issued by the Indiana court would be void, and, therefore, not entitled to recognition in this State.

The foregoing facts and circumstances clearly distinguish this cause from the cases relied upon by defendant as authority for dismissing the petition. In *Kelley v. Kelley, supra,* the court recognized the obligation of a divorced father to support his minor child, but indicated that the proper procedure in that cause, where the divorce was obtained in Illinois and the parties were presently within the jurisdiction, was to present to the court which originally granted the divorce a petition to issue a citation requiring the father to show cause why he should not be required to assist in supporting his minor child. As hereinbefore stated, that procedure is not available or appropriate in the instant case, where the father has established residence outside of the State where the divorce was granted.

The case at bar, moreover, is clearly distinguishable from the case of *Luczynski v. Luczynski,* 327 Ill. App. 548, which followed *Thomas v. Thomas,* 250 Ill. 354, wherein the court held that in a proceeding where a divorce was denied between the parties, the court was without power to enter a custody order in favor of one

parent. The court intimated that other procedures were proper for the determination of the matter of custody.

The court in the *Thomas* case, *supra*, at p. 364, expressly distinguished the controversy presented therein, which was a divorce action between the parents, from cases where the suit is instituted by a minor, and the controversy relates to his rights and property. Under those circumstances, the court stated that the infant would become the ward of the court and subject to its general equity jurisdiction. The court also distinguished the case before it from situations where the parents are already divorced, as in the case at bar.

It is clear, therefore, that the *Thomas* case cannot be deemed determinative of the petitioner, Anna Winslow Parker's rights, since this suit was commenced at the instance of a minor whose parents were already divorced, and presents the rights of the minor to support, rather than a controversy between the parents.

Nor is *Rife v. Rife,* 272 Ill. App. 404, cited by defendant, applicable or determinative of the rights of the parties herein, since the court merely held that under the Illinois Divorce Act, a parent cannot be compelled to support an adult child.

The only case in this jurisdiction adjudicating similar rights is *Hawkins v. Hawkins,* 288 Ill. App. 623, where the Appellate Court of the First District dismissed for lack of jurisdiction an action brought by a divorced wife to compel her ex-husband to support their child, where the divorce was procured in Wisconsin by default and publication. In the absence of a decision on the precise issue by the Illinois Supreme Court, this court does not feel obliged to follow the *Hawkins* case, particularly where there is a respectable body of precedent to the contrary established by the courts of other jurisdictions, and the rights of the parties cannot be enforced in any other forum.

It has been held in other jurisdictions that a decree of divorce in one State awarding custody of the children to the mother, but making no provision for their support, does not preclude an independent suit in another State where the father has become a resident to enforce his continuing duty to support his children. (17 Am. Juris. 535; 20 A. L. R. 826; *Geary v. Geary*, 102 Neb. 511, 167 N. W. 778; *Riggs v. Riggs*, 91 Kan. 593, 138 Pac. 628; *Winner v. Shucart*, 202 Mo. App. 176, 215 S. W. 905; *Davies v. Fisher*, 34 Cal. App. 137, 166 Pac. 833.)

A thorough analysis of the issue was made by the Nebraska court in the *Geary* case, *supra*. The mother secured a divorce and custody order in Iowa against the nonresident father, and thereafter brought suit for the support of the minor child in Nebraska, where the father resided. He interposed that the plaintiff was obliged to seek relief by supplemental proceedings in the Iowa court, which still retained jurisdiction of the cause. The Nebraska court rejected this contention, and stated that even if the wife had procured a support order for the child in Iowa, that forum would be unable to enforce such an order against a nonresident, so that she would again have to resort to proceedings in Nebraska where the father resided. Therefore, the court retained jurisdiction and entered an order requiring the father to support his minor child.

In the instant case the petitioner, Anna Winslow Parker, is undeniably entitled to support from her father, but that right is unenforceable in any other forum except Illinois. Under the Illinois constitution (art. II, § 19) which provides that every person shall find a remedy in the law for the injuries or wrongs to his person, property or reputation, of which he is aggrieved, the Illinois court has recognized and protected the rights of minor children to support and family life against interference from third persons. (*Johnson v. Luhman*, 330 Ill. App. 598.) If this right can be enforced against third persons, it should obvi-

ously be enforced against the derelict parent, who has fled to this State and is violating his obligations to his child.

Moreover, the cases are replete with declarations of the law that courts of equity have plenary jurisdiction over the persons and estates of infants, and that in cases where the rights of minors are concerned, they are the wards of the court, which will protect their interests. (*Cowls v. Cowls,* 3 Gilman 435; *Clarke v. Chicago Title & Trust Co.,* 393 Ill. 419; *Swiney v. Womack,* 343 Ill. 278, 287; *Thomas v. Thomas,* 250 Ill. 354.) The petition herein presents the minor's right to support from her father, which right is independent of the obligations obtaining between her parents, and is, therefore, within the special province of the court of equity with its tradition of protecting the interests and estates of minors.

To sustain defendant's contentions, and dismiss the petition, would be tantamount to sanctioning the abrogation of the legal obligations of parenthood. For, to avoid supporting his children, a father would need only to leave the jurisdiction so that personal service could not be had upon him in a divorce proceeding, and then no support order could be entered against him, either in the divorce decree, or in any supplemental proceeding instituted thereafter in any other jurisdiction where he may be found. Obviously such a result would put a premium on parental irresponsibility and render remediless a child whose rights to be fed, clothed, and educated by a parent should not be denied. Our laws should not be construed in such manner that a parent may circumvent his responsibility to his children. Our constitutional mandate that there shall be no right without a remedy was surely created for the protection of society against such a wrong.

It is our considered judgment, therefore, that the petition in the instant case stated a cause of action of which the circuit court had jurisdiction, and that

the decree dismissing the petition for lack of jurisdiction was in error and should be reversed and remanded to the circuit court for a determination of the merits of the cause.

*Reversed and remanded.*