JOHN GLENN POWERS, JR., Plaintiff and Counterdefendant-Appellee, v. JEANINE LOUISE POWERS, Defendant and Counterplaintiff-Appellant.

First District (2nd Division)   No. 78-123

Opinion filed February 27, 1979.

John P. Coghland and Ann Houser, both of Chicago, for appellant.

Rinella and Rinella, of Chicago (David B. Carlson, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from the action taken by the circuit court of Cook County, divorce division, upon the petition for increased child-support payments filed by Jeanine Louise Powers. Pursuant to a hearing on said petition the circuit court denied the relief sought by Ms. Powers.

On March 6, 1974, Mr. and Mrs. John Glenn Powers were divorced. Incorporated into the judgment of divorce was a detailed property settlement agreement. This agreement contained provisions regarding child custody, child support, alimony, property distribution and attorneys' fees. This settlement agreement, in relevant part, provides:

"h) The counterdefendant shall pay to the counterplaintiff, as and for a lump sum settlement in lieu of alimony and support, the sum of $700.00 per month for 121 consecutive months, payable each and every month from and after the date of the entry of this Judgment for Divorce, and that said payments shall be subject to the following terms and conditions:

i) During the first 60 months of said payments no event other than the death of the counterplaintiff shall abate or diminish the counterdefendant's obligation to make instalment payments here-under at the rate of $700.00 per month,

ii) From and after receipt by the counterplaintiff of 60 monthly instalments required under sub-paragraph i hereof, in the event of the wife's remarriage at any time before or after said 60 months period, the unpaid amount of the principal hereunder remaining payable to the wife, and the resulting monthly instalment payments, shall be reduced to $200.00 per month,

iii) Upon the attainment of the 18th birthday of each of said minor children or completion of their respective high school educations, whichever shall last occur, or in the event of the death, marriage, a child entering the Armed Services of the United States of America or a child taking separate residence away from that of the counterplaintiff, the payments aforesaid shall be reduced by the sum of $100.00 per month for each child upon the occurrence of one of the aforesaid events."

Subsequent to the divorce, Jeanine Powers filed a petition for increased child-support payments. The petition indicated that a judgment for divorce was entered on March 6, 1974, set forth the support provisions of the judgment and further stated:

"3. That at the time the Judgment for Divorce was entered in the above entitled cause the Petitioner was employed, and at the present time the Petitioner is unemployed.

4. That since the entry of the Judgment for Divorce on March 6, 1974, the cost of food, clothing, shelter, medical expenses and other living expenses for the minor children of the parties have increased materially and substantially, including but not limited to the following:

| | Prior Amount (Per month) | Present Amount (per month) |
|---|---|---|
| Utilities | $ 87.00 | $141.00 |
| Mortgage Payment | 210.00 | 238.00 |
| Food | 300.00 | 450.00 |
| Auto Insurance | 25.00 | 30.00 |
| Auto Payment | None | 123.00 |
| Medical Insurance | None | 35.00 |
| Repairs to Family Residence and Replacement of Residence Furnishings | None | 50.00 |
| Federal Income Taxes relative to Alimony | 15.00 | 25.00 |
| Children's Clothing | 80.00 | 125.00 |

5. That at the time the Judgment for Divorce was entered the Petitioner received approximately $6,000.00 in savings, all of which funds have now been exhausted due to the constant increase in the financial requirements of the minor children of the parties hereto, and that the Petitioner also has incurred additional debt in the amount of $4,600.00 in order to satisfy various financial obligations on behalf of the family.

6. That due to the material change of circumstances the Petitioner is unable to continue to maintain the home for the minor children of the parties hereto without additional financial assistance from the Counterdefendant.

7. That the Petitioner is informed and believes and on such information and belief states that the Counterdefendant has received a promotion in his present employment and, as a result of such promotion, has also received substantial increases in his income."

Ms. Powers also alleged that her ex-husband could well afford to pay reasonable attorneys' fees for the preparation and presentation of the

petition. Ms. Powers prayed for an increase in child support payments and for an order directing her ex-husband to pay the attorneys' fees incurred in the preparation and presentation of the petition.

On October 17, 1977, the circuit court of Cook County, divorce division, commenced a hearing on the petition for increased child support payments. John Powers and Jeanine Powers testified at this hearing. At the termination of the hearing the petition filed by Jeanine Powers was denied. In denying the petition, the circuit court stated that it was without authority to alter the settlement agreement and that an earlier order of the circuit court, which stated that the child support provisions of the judgment of divorce could be modified, was void.

■■ The statements made by the circuit court in denying the petition are erroneous. The court clearly possessed the authority to modify the agreement contained in the judgment of divorce. The express terms of sections 502(f) and 510(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 502(f) and 510(a)) provide for such modification. These statutes read as follows:

> 502(f) "Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the judgment are automatically modified by modification of the judgment."

> 510(a) "Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a subtantial change in circumstances. * * *""

Furthermore, it is evident that the earlier circuit court order was not void, precisely due to the language of the aforementioned statutory provisions. That order merely referred to the state of our law as reflected by sections 502(f) and 510(a).

A hearing was held during which evidence was adduced by the parties. The denial of the petition by the circuit court pursuant to the hearing may have constituted a proper disposition of the case at bar. Accordingly, we note our awareness of the rule that:

> "If the decision of a court is correct under the circumstances of the case, it will not be reversed on appeal for the reason that an incorrect means was used to arrive at the decision or error was committed at the trial; and this is particularly true where reversal and retrial would only result in the same decision."

*In re Estate of La Rue* (1964), 53 Ill. App. 2d 467, 475, 203 N.E.2d 47.

■■ Nevertheless, we are unable to apply this rule in the case at bar. The record reflects that the erroneous interpretation of law expressed by the circuit court, aided by appellee's counsel, regarding the court's authority to modify child support payments, far overshadowed and obscured the significance of the testimony adduced at the hearing. The following excerpts from the transcript of proceedings more than adequately reflect the reason for the foregoing opinion of the court:

PRIOR TO EXAMINATION OF WITNESSES

MR. CARLSON [counsel for appellee]: No, hers! It states right on its face that—the Judgment states right on its face that Mrs. Powers is going to have the obligation to maintain these children. There is a settlement here that was entered with regard to alimony and child support, there is a division of property that Mrs. Power got, she got the house, she got some assets; this money is a settlement and it was understood by the parties at the time of the entry of the Judgment for Divorce that Mrs. Powers would have the obligation to support these children.

Now I understand that there is a public policy rule that in the event that these children are not eating and she has had to return to the State for relief or something like that that maybe Mr. Powers would have to pay some money, but unless a circumstance like that is reached, it is my understanding that the Judgment means what it says, Judge, or it doesn't mean anything, and it says right on its face that she is to pay for the support of the children out of the monies that he is paying, taking into consideration—

AT CLOSE OF THE HEARING

THE COURT: Well, now let me tell you. I feel somewhat sorry for Mrs. Powers, but there is nothing that I can do. I am bound by the law. The law says that I have to follow the law. I am going to read you what this case says. This divorce from what I can see is forty-three months old but it says here during the first sixty; that is five years, and no event other than death shall payment be diminished or abated.

✳ ✳ ✳

Whenever they spell out the number of months there is no way a Judge or anybody else has a right to alter so the Petition for an increase is denied. That is the only answer that I can give you.

✳ ✳ ✳

MS. HOUSER [counsel for appellant]: I would like to have your ruling on the additional order that was entered on the same day, March 6, 1974, and signed by Judge Kanter, indicating a modification of the Judgment for Divorce that was entered on that day, March 6, 1974.

THE COURT: Well, the same order that would be there, that is—I would, I would consider that subsequent order null and void for the reason that the Decree speaks for itself. If you are going to enter the order the same day, then you didn't need the Decree. The Decree says that you cannot alter this thing for sixty—they say five years, but it is to run for ten years one month and she is to get this money $700.00 for ten years, and I don't believe that I have a right to sit here and say there has been a change. I see no change. She has the same three children and she elected to go this route and she is stuck with the route, and I am ruling otherwise. My ruling there would be of no consequence.

MS. HOUSER: So you are making in your order today, you are making Judge Kanter's order of March 6, 1974 null and void?

THE COURT: Absolutely."

■■ The statements of the circuit court reflect that it did not give appropriate legal significance to the evidence. The court was laboring under a misconception of the law applicable to a petition of this nature. This misconception deprived the appellant of a fair hearing on her petition. Consequently, the order denying the petition for increased child support payments and attorneys' fees is reversed and the cause remanded for a new hearing.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.