*In re* SUPPORT OF TODD BAYUK.—(JOAN K. BAYUK, Petitioner-Appellant, *v.* WILLIAM K. BAYUK, Respondent-Appellee.)

First District (1st Division)    No. 78-2023

Opinion filed December 28, 1979.

Albert Brooks Friedman, of Chicago, for appellant.

Sam L. Miller, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court;

The petitioner, Joan K. Bayuk, appeals from an order of the circuit court of Cook County entered on September 28, 1978, denying her post-trial motion requesting a rehearing on her petition for an increase in child support. On appeal, petitioner contends that the trial court erred (1) in finding that the petition was insufficient as a matter of law based on the separation agreement which barred modification until the respondent's income increased to $53,000; and (2) in not allowing petitioner to present evidence in support of her petition for an increase in child support.

William M. Bayuk and Joan K. Bayuk were married on March 22, 1958. There were two children born during the marriage: Mark Bayuk, born July 17, 1959, and Todd Bayuk, born July 31, 1970. On August 5, 1975, a judgment for divorce was entered dissolving their marriage.

The petitioner was given custody of the two minor children, Mark and Todd, at the time of the divorce. The separation agreement negotiated by the petitioner, and respondent provides for child support payments for Mark and Todd in the amount of $800 per month. The agreement, included as part of said judgment for divorce, specified visitation and custody rights and stated as follows:

"That based upon the husband's present gross income of $43,000 per year, the husband shall pay to the wife, beginning this date, the sum of $400 per month per child, or a total of $800 per month as and for the support of Mark and Todd. There shall be no consideration

of change in circumstances until the husband makes $53,000 per year.

\* \* \*

This Agreement is made upon the understanding that the wife will be employed outside the home.

\* \* \*

[T]he husband shall pay all extraordinary medical, surgical, dental bills, including costs of hospitalization incurred by or for said child or children. The term 'extraordinary' as used in this paragraph shall include the parties' understanding that the youngest child, Todd, has severe allergies and an asthmatic condition, all medical costs including doctor's visits, injections, drugs and hospitalizations caused by said conditions shall be included within the term 'extraordinary' and paid by the husband \* \* \*."

On September 22, 1977, the petitioner filed a petition seeking an increase in child support alleging that Todd's "asthmatic condition \* \* \* has become more severe in the last several years, requiring more frequent expenditures for drugs and other medicines and requiring that petitioner not work in order to care for said child." The petition further alleged that an increase in the amount of $1,000 per month was necessary to support Todd. The record reveals that the respondent's gross income at the time of the entry of the decree for divorce was $43,000. It should be noted that the record on appeal fails to include a copy of the respondent's 1976 tax return which was supplied to petitioner or otherwise disclose the respondent's income for that year. The respondent, however, admitted at oral argument and in his brief that his income increased to $49,000 subsequent to the filing of the petition for an increase in child support. Mark Bayuk, the other minor, had become emancipated at the time the petition for the increase in child support was filed.

Respondent, William M. Bayuk, filed a counterpetition in lieu of answering the petition, seeking a dismissal based on the provision in the judgment for divorce entered on August 5, 1975, which barred an increase in child support payments until his income increased to $53,000.

On September 1, 1978, the trial court, after reviewing the petition, counterpetition, and the judgment for divorce, dismissed the petition without prejudice and granted petitioner leave to amend. The petitioner subsequently filed a post-trial motion seeking a rehearing on the petition but this was denied by the trial court on September 28, 1978. After denying the post-trial motion, the trial court pursuant to Supreme Court Rule 304 entered an order which stated that "there was no just cause to delay enforcement or appeal." Ill. Rev. Stat. 1977, ch. 110A, par. 304.

■■ Initially, we should note that the Illinois Marriage and Dissolution of

Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) which became effective October 1, 1977 is applicable to petitioner's case. Section 801(b) of the Act states, "This act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered." (Ill. Rev. Stat. 1977, ch. 40, par. 801(b).) The petition to modify the judgment was filed September 22, 1977, and was pending on the effective date of the act; to wit, October 1, 1977. The court did not rule on the petition until September 1, 1978, a year after the new act became effective. Accordingly, we find the Illinois Marriage and Dissolution of Marriage Act is applicable to the petition for an increase in child support. *Pierce v. Pierce* (1979), 69 Ill. App. 3d 42, 386 N.E.2d 1175.

The petitioner argues on appeal that the trial court erred in dismissing the petition for an increase in support without providing petitioner a hearing. Generally, an increase in support will be granted if there is a showing of a material change in circumstances. (*Sullivan v. Sullivan* (1978), 57 Ill. App. 3d 958, 373 N.E.2d 829; *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279.) The proof must show the increased needs of the child and a corresponding ability to pay by the noncustodial parent. (*Daniels v. Daniels* (1976), 38 Ill. App. 3d 697, 348 N.E.2d 259.) The ruling of the trial court was based on the provision in the separation agreement relating to child support payments which stated that there shall be no consideration of change in circumstances until the husband's income increased to $53,000. We find the trial court's ruling erroneous under the Illinois Marriage and Dissolution of Marriage Act. Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*

Petitioner sought an increase in child support alleging that there had been a substantial change in circumstances pursuant to sections 502(f) and 510(a) of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1977, ch. 40, pars. 502(f), 510(a).) Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act states:

> "Except for the terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the judgment are automatically modified by modification of judgment."

Section 502(f) limits modification of the judgment if the separation agreement restricts the terms of the judgment to the provisions of the agreement. However, this limitation does not apply to terms affecting support, custody, or visitation of children. (*Powers v. Powers* (1979), 69 Ill. App. 3d 485, 388 N.E.2d 76.) Petitioner's case is similar to *Powers*. There a settlement agreement provided a lump sum settlement of $700 per month for 121 months in lieu of alimony and support. The trial court

considered the provision a bar to the petition for increase in child support and based on this interpretation the trial court denied the petition and deprived the petitioner of a hearing on the increase in child support. On appeal, the reviewing court reversed the trial court stating that the trial court had the statutory authority to modify the provision in the separation agreement under the Illinois Marriage and Dissolution of Marriage Act sections 502(f) and 510(a).

■■ Section 502(f) is consistent with the view in Illinois that a court has plenary jurisdiction to treat minors as wards of the court. (*Cowles v. Cowles* (1846), 8 Ill. (3 Gilm.) 435; *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386; *Parker v. Parker* (1948), 335 Ill. App. 293, 81 N.E.2d 745.) It is important to note that in matters regarding child support the court has authority to award support where it is in the best interest of the child. (*Parker v. Parker.*) In *Parker*, the minor child in a court of equity sought support from her father who was served by publication and resided outside the jurisdiction at the time the decree for divorce was entered. The court did not have personal jurisdiction over the father when the divorce decree was entered and therefore could not award child support. The court in *Parker* in awarding the minor child support stated that "the minor's right [to support] is independent of the obligations obtaining between her parents, and is, therefore, within the special province of the court of equity with its tradition of protecting the interests and estates of minors." (335 Ill. App. 293, 301.) Furthermore, the Illinois Constitution of 1870, article II, section 19 (amended Ill. Const. 1970, art. I, §12) has been interpreted as giving a court authority to act in the best interests of a child in child support cases. (*Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386.) The court in *Zalduendo*, citing *Parker*, stated:

> "'Under the Illinois Constitution (Art. II, sec. 19) which provides that every person shall find a remedy in the law for injuries or wrongs to his person, property or reputation, of which he is aggrieved, the Illinois court has recognized and protected the rights of minor children to support and family life against interference from third persons. [Citation.] If this right can be enforced against third persons, it should obviously be enforced against the derelict parent, who * * * is violating his obligations to his child.' " 45 Ill. App. 3d 845, 856.

■ Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act provides:

> "Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving

party and only upon a showing of a substantial change in circumstances. * * *" (Ill. Rev. Stat. 1977, ch. 40, par. 501.) Consequently, section 510(a) allows a petition for an increase in child support if there has been a substantial change in circumstances and the petitioner has provided the opposing party with notice. Since respondent did not allege failure to provide notice, the only issue to be decided is whether petitioner should be allowed a hearing to show that a substantial change in circumstances has occurred since the judgment. Since minors are wards of the court, it follows that the parties may not by agreement preclude the court from exercising its authority in matters relative to support for minors. *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 388 N.E.2d 76.

The instant petition was filed on September 22, 1977, over two years after the entry of the judgment dissolving the marriage. During this period, the respondent's gross income had increased by $6000, from $43,000 in 1975 to $49,000 in 1977. The respondent's child-support payments decreased from $800 for Mark and Todd to only $400 for Todd because Mark had become emancipated. Though the petitioner alleged in her petition for increase that she could not work due to Todd's illness, the petitioner admitted in her answer to respondent's counterpetition that she had two jobs, as a travel agent and an Avon representative. This information relative to petitioner's employment would appear to contradict the allegations in her petition for increase in child support.

Todd's condition was known at the time of the judgment and according to the provisions in the separation agreement any "extra-ordinary" expenses incurred in treating his asthma would be paid by the husband. The term "extraordinary" as defined in the separation agreement referred to Todd's allergies and the asthmatic condition; and which included doctors' visits, injections, drugs, and hospitalization caused by the allergies and asthma. The petitioner alleged that Todd's condition has become "more severe" during the past two year period. The petition alleges as a substantial change in circumstances that "more frequent expenditures for drugs and other medicines" are required to treat Todd's asthmatic condition. Petitioner was not allowed to prove a substantial change in circumstances had occurred and that these additional expenses were not covered under the separation agreement's "extraordinary" medical expense provision, nor was petitioner allowed to offer any proof relative to her employment.

We believe *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 388 N.E.2d 76, dictates that the trial court should have allowed petitioner a full and complete hearing on the petition for an increase in support payments. Whenever a request for modification of child support is sought "it is the duty of the court in which the action has been brought to ascertain all the

pertinent facts and circumstances and to determine whether the award is fair and equitable or should be modified." *Weber v. Weber* (1979), 77 Ill. App. 3d 383, 388, 396 N.E.2d 43, 47.

We accordingly reverse the September 28, 1979, order of the trial court and remand with directions consistent with this opinion.

Judgment reversed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.