*In re* MARRIAGE OF SUZANNE W. HELFRICH, Petitioner-Appellee, and GEORGE BAIRD HELFRICH, Respondent-Appellant.

First District (4th Division)    No. 80-3148

Opinion filed November 19, 1981.

Owen L. Doss, of Puchalski, Keenan & Puchalski, of Chicago (Joseph D. Keenan, III, of counsel), for appellant.

Schiller & Du Canto, Ltd., of Chicago (Donald C. Schiller and Pamela S. Trapp Goodemote, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The trial court increased an award of unallocated maintenance and child support in the petition of Suzanne W. Helfrich. Dr. George Baird Helfrich brings this appeal, contending that there is no evidence of a substantial change of circumstances since the last modification some three years before and further that the previous modification order stated that it would remain in effect unless George had net income in excess of $50,000. George contends that although he has gross income in excess of the $50,000 figure he does not have "net" income in the amount contemplated by the parties in the prior order.

Suzanne and George were divorced in 1973 after 10 years of marriage and three children. At the time of the divorce the children's ages were eight, seven and three. Under the terms of the divorce judgment, George was ordered to pay $10,000 a year in unallocated alimony and child support. The court reserved the right to increase or decrease the unallocated alimony and child-support payments in the event of a change of

circumstances of any of the parties. The judgment provided that Suzanne would be permitted to earn an additional $6000 a year without constituting a change of circumstances.

On December 1, 1976, Suzanne filed a petition for modification. At that time, George's gross annual income was $62,466. The action resulted in an agreed order between the parties in which George consented to increase his annual, unallocated maintenance and child-support payments from $10,200 to $15,000 per year. The parties further agreed, and this language was incorporated into the modification order, that this modification would "continue in effect unless the respondent has a net income in excess of $50,000." The order did not define or elaborate the term "net income."

On June 18, 1980, Suzanne filed the present petition. She alleged that her needs and those of her minor children had substantially increased since the previous modification order. She presented evidence to the court to show that her children, now ages 15, 14 and 10, had increased expenses as they grew older; that the house in which she and the children lived was in need of repair and redecoration; and that she was unable to keep up with the cost of living and support four people with only $15,000 in payments from her former husband combined with the $4830 which she made as a part-time bookkeeper, both incomes being taxable to her. Therefore, she was falling into debt.

Suzanne Helfrich also alleged in her petition that George's net income had risen above the $50,000 mark which was specified in the earlier order. She presented evidence to the court to show that George had an annual salary of $70,000 a year; that he was eligible for $5000 in bonuses per year; that he acquired a residential building in 1979 which contained a rental unit renting at $6900 a year; that he owned 50 percent interest in "Mount View Farm" in southern Illinois; that he had inherited an interest bearing accommodation account with a balance in excess of $190,000; and that he was the sole equitable owner of a professional corporation that had $38,269.33 in assets in 1978.

Although George admitted receiving $75,000 in salary and bonuses a year and verified that he controlled the substantial assets delineated above, he denied that his "net" income amounted to $50,000 a year as contemplated by the parties on the prior order. In support of his assertion he produced his 1979 Federal tax return which showed a gross income of $77,957 and a net income of $41,657 after deductions, including a $15,000 deduction for the unallocated maintenance and child support.

After a hearing where both the plaintiff and defendant testified, the trial court granted the plaintiff's petition for modification of judgment. In its order, the court stated that it had found a substantial change in the circumstances of the parties. Specifically the court found that George's

"real income" had increased and also the "real expenses" of the petitioner and their children since the last modification order. The court then awarded the petitioner an additional $6000 per year.

George concedes on appeal that the trial court had the power to alter the previous modification order upon a finding of substantial change of circumstances and was not limited in the exercise of this power by the $50,000 "net" income amount. *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31, interpreting Ill. Rev. Stat. 1977, ch. 40, par. 510(a).

Nevertheless George argues that it was not appropriate for the court to modify the order without strict observance of the $50,000 net income limitation which represented an agreement between the parties. He also argues that the evidence does not support a conclusion that the parties had undergone a substantial change of circumstances since the prior order.

It is true that the law looks with favor upon the amicable settlement of property rights between the parties to a divorce and is reluctant to disturb judgments based upon such settlements. *(Wohl v. Wohl* (1975), 28 Ill. App. 3d 298, 328 N.E.2d 138; Ill. Ann. Stat., ch. 40, par. 502(f), Historical and Practice Notes, at 403 (Smith-Hurd 1980).) However, whenever a request for modification is sought, it is the duty of the court in which the action has been brought to ascertain all the pertinent facts and circumstances and then apply the statutory standard of "substantial change of circumstances" to determine if a modification should be made. Ill. Rev. Stat. 1977, ch. 40, par. 510(a); *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31; see *In re Bayuk* (1979), 79 Ill. App. 3d 877, 398 N.E.2d 1109.

Since a trial court must find a substantial change in circumstances to modify a prior order, the remaining inquiry is whether or not the evidence reasonably supports such a finding. Under the holding in *Scott v. Scott* (1979), 72 Ill. App. 3d 117, 389 N.E.2d 1271, for increased support a moving party must show that the children have grown older and the cost of living has risen if, at the same time, the moving party can also demonstrate an increased ability on the part of the defendant to pay. *Scott*, 72 Ill. App. 3d 117, 124, 389 N.E.2d 1271, 1276, citing *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 863, 363 N.E.2d 151, 154.

To meet this two-part burden of proof, Suzanne presented evidence to show that her children were older and that these four people could not keep up with the cost of living on what the defendant was paying them.

Suzanne also presented evidence to show that George's ability to pay had increased. George's gross income had increased from $62,466 in 1976 to $75,000 in salary and bonuses in 1980. Since the 1977 decree, George had also acquired interests in a $190,000 inheritance and a residential building with a rental unit. In addition, he also maintained one-half

ownership in "Mount View Farm" and continued to be the sole equitable owner of a professional corporation.

Although the exact dollar amount of George's interests are unclear from the record, we do not believe that the trial court abused its discretion when it decided that the plaintiff's real needs had increased and also the defendant's real income and ability to pay. We also do not believe that the trial court was in error when it failed to observe the $50,000 net income limitation in the previous order notwithstanding the fact that the parties strongly disagreed as to whether this $50,000 mark had been reached. Since the change in circumstances of the parties since the 1977 order was substantial, we believe that the trial court was correct when it decided that the legal policy favoring prior agreements between the parties containing limitations on future modifications must yield in a case of unallocated maintenance and child support to a proper application of the statutory standard for modification.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.