## In Re the MARRIAGE OF TURNER.

### Elmo E. TURNER, Jr., Petitioner–Respondent,

### v.

### Elmina T. (Turner) HOOVER, Respondent–Appellant.

### No. 15556.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 26, 1989.

Albert D. Johnston, Johnston & Carlton, Carthage, for respondent-appellant.

Douglas K. Crandall, Crandall, Crawford, Crandall & Dally, Carthage, for petitioner-respondent.

HOGAN, Judge.

This is an action to modify the provisions of a decree of dissolution. The proceeding was initiated by appellant Elmina A. Turner (hereinafter defendant) who moved modification of the original decree in the following respects: 1) modification so as to permit removal of the parties' minor child from the jurisdiction; 2) modification to increase the amount of child support paid by the petitioner (hereinafter the plaintiff) from $180 per month to $230 per month, and 3) modification of the original decree so as to define each party's right to custody of the minor child. The defendant also sought to require the plaintiff to execute an assignment of wages as provided by former § 452.350, RSMo 1986.

The trial court heard evidence and thereafter entered an order which: 1) granted the defendant leave to remove the parties' minor child from the jurisdiction; 2) granted defendant the principal custody of the

parties' minor child, allowing the plaintiff to have the child in his custody from June 20 to August 20 every year and from noon December 25 to January 1 every year. The cost of transporting the child from the residence of one parent to that of the other was ordered divided between the parties. The plaintiff was given notice that upon application of the defendant or the Missouri Division of Child Support Enforcement, his wages or other income would be subject to withholding without further notice if he became delinquent in his payment of child support. The notice is sufficient to comply with the provisions of § 452.350, RSMo Supp.1987, and effectively disposes of the defendant's request for an assignment of wages. And, although the action was instituted at least in part because it was necessary for the defendant to move to Indiana, no complaint is made of the order allowing the defendant to remove the child from the jurisdiction.

In this court the defendant contends: 1) that the trial court erred in refusing to increase her allowance for child support, and 2) that the division of custody of the minor child is "clearly not in the best interests of the minor child, and [is against] the weight of the evidence." In cases involving awards of child support and the custody of minor children, the judgment of the trial court is to be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and no error or misapplication of the law appears. *Murphy v. Murphy,* 613 S.W.2d 450, 451–52 (Mo.App.1981); *Dempsey v. Dempsey,* 605 S.W.2d 513, 514 (Mo.App.1980).

Section 452.370.1, RSMo Supp.1987, in effect when this case was tried, provided that the provisions of a decree of dissolution respecting maintenance or support might be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. The statute directed the trial court to consider all financial resources of both parties and certain other factors where an allowance for support is concerned. We are aware that a party seeking modification must show a change of circumstances which is substan-

tial and continuing. *In re Marriage of Gardner,* 683 S.W.2d 311, 312 (Mo.App. 1984). This record does not, however, clearly demonstrate either of the two primary considerations which determine the appropriate amount of child support—the needs of the child and the ability of the father to pay. *Furney v. Steele,* 564 S.W.2d 610, 612 (Mo.App.1978); *In re Marriage of Prenavo,* 556 S.W.2d 463, 466 (Mo. App.1977).

The parties to this action were divorced July 28, 1982. One child, a female, was born of their marriage on November 29, 1975. The defendant was awarded the "exclusive care, custody, and control of the minor child" subject to a reasonable right of visitation by the plaintiff. Defendant was awarded the sum of $180 per month as child support. Such is, of course, an allowance of about $6 per day for a child 7 years of age. We cannot say the award was wholly unreasonable, but it was not over generous, either. At the hearing on this motion to modify, the defendant's testimony was very indefinite. The defendant testified that she spent about $25 per month for her daughter's clothing at the time of the divorce, and now spent $40 per month, approximately, for clothing. Defendant further testified to increased educational expenses in the amount of $51.52 per year, and increased medical expenses, without specifying the particular sort of expense incurred. The defendant's estimate of the cost of feeding her child was expressed thus:

"Well, the only way I knew to estimate, if you are going to go out to eat, you are going to pay at least $5.00 a meal or more for a reasonable meal and that would be at least $25.00 a week, just for one meal and if you cook at home and you count that and break it down, you know, for three meals, you know, it is of course cheaper to cook at home, but I would say at least $25.00 a week, you know, if you—"

The defendant also estimated that her daughter's "recreational" expenses amounted to $40 or $45 per month, "give or take some months."

Plaintiff's income, at the time of the dissolution, was about $862 net per month, according to his pay voucher, and at that time he earned about $2,500 per year as a member of the National Guard. Rough calculation indicates that his income was about $12,800 annually at the time of his divorce. Plaintiff's income tax returns indicate that his income for the calendar year 1986 was $20,000. Plaintiff admitted that he could afford an additional $50 per month in child support. We thus have a record which suggests that an increase in the amount of child support would be appropriate but fails to show, with any reasonable degree of certainty, what the child's needs are.

It has been held in other jurisdictions which have adopted a version of the Uniform Marriage and Divorce Act that whenever a request for modification of child support is sought it is the duty of the court in which the action has been brought to ascertain all the pertinent facts and circumstances and to determine whether the award is fair and equitable or should be modified. *Bayuk v. Bayuk*, 79 Ill.App.3d 877, 35 Ill.Dec. 159, 163, 398 N.E.2d 1109, 1113[10] (1979). We are aware that a trial court can only act on the evidence presented by the parties, and if counsel fail to develop the issues tendered, the trial court cannot, as a practical matter, require the presentation of further proof. Nevertheless, the record shows that the dependent minor child is a female 13 years of age; she will shortly face the ordeal of female adolescence in relatively new surroundings. She has developed an interest in music, which should be encouraged. She has incurred some medical expense, but the general state of her health is not shown by the record. Because the record does not develop the needs of the child nor the ability of the plaintiff to pay, we cannot say with confidence that the trial court erred. However, inasmuch as the cause must be reversed and remanded for another reason, it is ordered that upon remand the trial court hear such further evidence as the parties have to present concerning the needs of the parties' minor child and the father's ability to pay additional support.

The defendant's further point is that the trial court's order concerning custody of the minor child is not in the best interest of the child, and we agree. The changed circumstances shown by the record clearly warrant a modification of the original decree, by which principal custody of the minor child was awarded to the defendant with plaintiff to have reasonable rights of visitation, but the modified award of custody is patently unreasonable.

From the time of the divorce until November 10, 1986, both parents lived in or near Webb City in Jasper County. Both parties to the action remarried. The defendant married one Howard Hoover, who was employed in Miami, Oklahoma. Hoover's employer closed its Oklahoma plant and it became necessary for Hoover to move to Indiana in order to retain his "accrued benefits." The defendant's present residence is approximately 650 miles from Webb City. The drive from plaintiff's residence to the defendant's present residence takes approximately 11 hours.

The original decree granted plaintiff a reasonable right of visitation with his daughter. Before the defendant moved to Indiana, the plaintiff exercised his right of visitation "[p]retty much ... every other weekend." In the future, however, the defendant did not expect to return to Jasper County as often as she had in the past. The child expressed a desire to "[visit her father] about a month," "[i]n the summer, probably," but was unsure about visits at other times.

Section 452.375.2, RSMo Supp.1988, sets out certain guidelines to be followed in awarding custody of children in divorce cases, but the factors there enumerated were never intended to be exclusive, *V.M. v. L.M.*, 526 S.W.2d 947, 949 (Mo.App.1975), and usually, disputes concerning the custody of children must be resolved on their particular facts, rather than in terms of academic rules. *In re Marriage of Reid*, 742 S.W.2d 248, 250 (Mo.App.1987); *In re Marriage of Campbell*, 685 S.W.2d 280, 283 (Mo.App.1985); *Stockton v. Guthary*, 415 S.W.2d 308, 311[2] (Mo.App.1967).

There is no question here that either party would be a suitable custodian of the child; it appears that either parent would provide the child with a stable environment. Both parents appear to be financially secure. The end to be accomplished in this case is to assure that the child's interest is served by providing for a salutary association with both parents. It is the policy of the law to encourage the love, affection and interest which divorced parents have for their children and to afford ample opportunity for contact between the child and both parents. *Cissell v. Cissell,* 573 S.W.2d 722, 724 (Mo.App.1978); *Asbell v. Asbell,* 430 S.W.2d 436, 438–39 (Mo.App. 1968); *Graham v. Graham,* 428 S.W.2d 941, 945 (Mo.App.1968).

Certainly removal of the minor child from the jurisdiction may be permitted when it is clear the best interest of the child will thereby be served. *Hart v. Hart,* 539 S.W.2d 679, 682 (Mo.App.1976). We perceive no objection to the provision that the child be in the custody of her father from June 20 to August 20 every year. We find the provision that the plaintiff have custody of his daughter every year from 12 noon December 25 to January 1 to be profoundly unsatisfactory. That part of the year which begins shortly after Thanksgiving and ends on New Year's Day is a period of special significance to most Americans, whether one regards the Christmas holiday as a vestigial celebration of the winter solstice or a time of profound religious significance. As the order stands, the minor child may spend part of every Christmas traveling to her father's home and in no event will the parents share the fall and winter holidays with the child. We would not prescribe a rigid schedule for the trial court, but some arrangement can be made so the child alternates the Thanksgiving and Christmas holidays in custody of the parents.

For the reasons indicated, the judgment is reversed and the cause is remanded with instructions: 1) to hear such further evidence as the parties have to present concerning the needs of the child and the plaintiff's ability to pay child support, and 2) to modify the division of custody so as to provide that the child spend Thanksgiving and Christmas with her parents alternately, if that is reasonably possible.

FLANIGAN, P.J., and PREWITT, J., concurs.

MAUS, J., dissents.