**Lester J. WEBSTER and Farm Bureau Town and Country Insurance Company of Missouri, Plaintiffs-Respondents,**

v.

**EMPIREGAS INC. OF CAMDENTON and Empire Stove Company, Defendants-Appellants.**

**Nos. 12549, 12550.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 10, 1983.

Rehearing Denied March 4, 1983.

Thomas E. Loraine, Lake Ozark, for plaintiffs-respondents.

Jerry L. Redfern, Paul G. White, Neale, Newman, Bradshaw & Freeman, Springfield, for defendant-appellant Empiregas Inc. of Camdenton.

Hamp Ford, Knight, Ford, Wright, Atwill & Parshall, Columbia, for defendant-appellant Empire Stove Co.

GREENE, Chief Judge.

Plaintiffs, Lester Webster and Farm Bureau Town and Country Insurance Company, sued defendants, Empiregas Inc. of Camdenton and Empire Stove Company, for damages caused by fire to a residence and its contents owned by Webster and insured by Farm Bureau. Farm Bureau was a party-plaintiff as a result of a subrogation agreement executed by Webster after payment to him by Farm Bureau of that portion of his loss that was insured.

Plaintiffs' case was based on a tort claim of strict liability, alleging that a space heater manufactured by Empire Stove, sold to Webster and installed in his home by Empiregas, was "in a defective condition and unreasonably dangerous" at the time of the sale and installation, and as a result thereof, plaintiffs were damaged.

By agreement, the case was heard by the trial court, after which judgment was entered for Webster in the sum of $7,295 and for Farm Bureau in the sum of $20,950. Defendants appeal.

Empire Stove Company's sole point relied on is that there was no substantial evidence to sustain the judgment against it. Empiregas argues that 1) there was no substantial evidence to sustain the judgment against it, and 2) Webster had released it from all liability by signing a "gas purchase and equipment rental agreement." This agreement, dated October 22, 1977, the date

of the sale and installation of the space heater, covered the rental of a 250 gallon propane tank by Webster from Empiregas. Paragraph six of the rental agreement provided that Webster released Empiregas from any liability on account of death, personal injury, or property loss or damage "which may arise from the LP-Gas, gas equipment, or services performed in connection therewith." It further provided that Webster would indemnify Empiregas from any such liability to third parties, such as Farm Bureau, including liability which may be caused by the negligence of Empiregas.

Since this was a court-tried case, our duty is to uphold the trial court's judgment if it is supported by substantial evidence, is not against the weight of the evidence, and is not based on an erroneous declaration or application of law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At trial, defendants did not request that the trial court state the grounds for its decision, or to make findings on specific fact issues. We consider all fact issues as having been found in accordance with the result reached. Rule 73.01(a)(2).[1] In our review, we give due regard to the trial court's opportunity to observe the witnesses, to determine their credibility, and to resolve questions of conflicting evidence. *Ozark Wood Industries, Inc. v. First National Bank of Doniphan,* 625 S.W.2d 651, 654 (Mo.App.1981).

■ Viewed in the light most favorable to the judgment, the record shows that on October 22, 1977, Lester Webster purchased a 70,000 Btu propane fueled space heater and rented a 250 gallon propane tank from Empiregas. The heater was manufactured by Empire Stove Company. The heater and tank were installed by employees of Empiregas on the date of purchase. At 4 p.m., the heater seemed to be working properly. At about 8 p.m., Webster left his home to go coon hunting. When he returned, about 1 a.m. the next morning, his home was engulfed in flames. The fire destroyed the house and its contents. The origin of the fire was the space heater. The fire spread to the house and its contents due to intense heat. Unregulated propane gas flow caused run-away combustion which resulted in ignition by heat of the surrounding area. The unregulated propane flow was caused by a defective and malfunctioning pressure regulating valve located within the heater. The heater was not equipped with a safety limit switch which would have cut off the flow of propane when heat within the space heater approached a dangerous level.[2]

■ A litany of the specific evidence proving the above stated facts is unnecessary. It suffices to say that it was provided by 1) circumstantial evidence (elimination of other possible sources of fire, such as appliances or electrical wiring), 2) direct evidence (testimony of eye witnesses and production of exhibits showing the condition of the space heater after the fire), and 3) expert testimony concerning the defective pressure regulator and lack of a limit switch.

There was substantial evidence to establish liability on the part of both defendants.

■ The remaining allegation of error by Empiregas, which is that Webster had released Empiregas from all liability by signing the propane tank rental agreement, has no merit. Where, as here, an unreasonably dangerous product is marketed, any right that a manufacturer or seller has to disclaim liability, either by warranty or contract, is eliminated. *Groppel Co., Inc. v. United States Gypsum Co.,* 616 S.W.2d 49, 60 (Mo.App.1981). To hold otherwise would be unconscionable. In addition, we fail to see what a rental agreement for a propane tank has to do with a defective pressure

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. Under this evidence, the trier of fact could have reasonably found that the space heater was defective to the extent it was unreasonably dangerous for its anticipated use, and that the defect caused damage to Webster. This being so, the liability submission requirements in a tort strict liability case were satisfied. *Cryts v. Ford Motor Co.,* 571 S.W.2d 683, 688 (Mo.App. 1978).

regulator and lack of a limit switch in a space heater.

Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.