Marilyn GARREN,
Plaintiff–Respondent,

v.

Albert SMITH and Dora Smith, Defendants,

and

Loren Garren, Defendant–Appellant.

No. 16568.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 1991.

W. Henry Johnson, Douglas, Douglas & Johnson, Neosho, for defendant-appellant.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for plaintiff-respondent.

HOGAN, Judge.

This is a court-tried action for breach of a contract to sell goods. Albert and Dora Smith were originally joined as defendants, but the cause was dismissed as to them on the ground that the United States Bankruptcy Court had discharged them from all liability to the plaintiff. For our purposes, Marilyn and Loren Garren are the parties to this action and we shall refer to them as such. Plaintiff Marilyn Garren has had judgment against the defendant in the amount of $2,300. The defendant has appealed on the ground that the judgment is not supported by substantial evidence. We affirm.

The parties to this action were divorced on November 5, 1985. At the time their marriage was dissolved, the parties owned marital personalty valued at $26,970 which the court did not divide. It was ordered that all marital personalty not specifically apportioned to either spouse be sold on or before June 15, 1986. In December 1985, plaintiff agreed to purchase and the defendant agreed to sell his interest in all the undivided personalty which had been classified as marital property and, in addition, some tools, a boat and other items of personal property which apparently were not considered at the time the parties were divorced. The plaintiff agreed to pay certain secured debts owed to the Ozark Production Credit Association and the Goodman State Bank, and further agreed to pay the defendant the sum of $5,000. At trial the plaintiff testified she had paid the sum of $34,000 to the Production Credit Association, $6,176.97 to the Goodman State Bank, and $5,000 to the defendant's attorney to be held in escrow by him.

This litigation arose out of the defendant's failure to deliver a backhoe in which, at the time of dissolution, the defendant owned a one-half interest. In the view we take of this appeal, it is of no consequence whether the defendant's interest should be considered that of a joint tenant or a tenant in common; plaintiff's exhibit 3 indicates that the defendant and Albert Smith, who is referred to as "Bud" Smith, acquired the backhoe in November 1984 for the sum of $5,083.29. A "Backhoe, ½ interest with Bud Smith" was listed as an item of marital property when the parties' marriage

was dissolved, and the defendant's interest was one of the items the plaintiff agreed to purchase.

Upon trial it was the plaintiff's testimony that the defendant had never executed any document transferring his interest in the backhoe to her. She had contacted Smith several times but was told the backhoe was "broke down." The plaintiff nevertheless saw the backhoe in operation from time to time. Upon direct inquiry, Smith told the plaintiff he had purchased defendant's interest in the backhoe. The defendant denied receiving payment. Apparently the backhoe was sold to one Gary Cohugh. This action followed.

The basic premise of the appeal, as indicated, is that the judgment is not supported by substantial evidence and therefore is subject to reversal according to the guidelines laid down in *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo.banc 1976). In point of fact, the judgment is amply supported by the evidence, but in the circumstances it is necessary to discuss a mistaken assumption made by defendant's counsel.

■ This action was commenced on March 24, 1988 with the filing of a five-count petition. We need not digest the pleadings, but our attention has been called to Count V of the petition which, excepting formal parts, reads as follows:

"1. Your Plaintiff re-alleges and re-states the allegations contained in Counts I through IV herein as if fully set out in Count V.

2. That in November of 1985 and all times thereafter, Plaintiff had ownership interest in and to the equipment above described and had the right to receive monies from the purchas [sic] or sale of said equipment.

3. That at certain times, yet unknown to this Plaintiff, the Defendant, Loren Garren, received from Defendants, Albert Smith and Dora Mae Smith, for the use of the Plaintiff the sum of $4000.00, by reason of the marital interest of the Plaintiff, the Decree of Dissolution between the parties and the bill of sale attached hereto, the Defendant was just-

ly indebted to pay said funds over to the Plaintiff.

4. That the Plaintiff has from time to time demanded payment from the Defendant, but the Defendant has not paid the same or any part thereof."

We have set out this part of the plaintiff's pleading verbatim because at the close of the trial the court announced it would require plaintiff to elect the count upon which she would submit her case. Plaintiff's counsel replied that he would "elect on Count V." The defendant's entire brief is based on counsel's unexplained and unjustified assumption that plaintiff's Count V states a cause of action for money had and received. Counsel cites no authority for this conclusion, nor does he explain to this court how the "election" of a count which specifically incorporates every other count in the petition effectually amounts to a choice of one pleaded theory. The case is, in our view, properly characterized as an action for breach of a contract for the sale of goods.

■ Section 2–711 of the Uniform Commercial Code, codified as § 400.2–711, RSMo 1986, is a catalog of the buyer's remedies where the buyer either never receives or chooses to return the goods. Section 2–711, which is itself no model of clarity, provides, among other things, that when the seller fails to make delivery or repudiates the contract of sale, the buyer may recover damages for nondelivery as provided in § 2–713. See § 400.2–711(1)(b), RSMo 1986; G. Wallach, *Law of Sales under the Uniform Commercial Code*, par. 10.02, p. 10–3 (1981). A number of other remedies are made available to a buyer whose seller has refused to perform, but quantum meruit is not one of those remedies. We realize that § 1–103 of the Uniform Commercial Code, codified as § 400.1–103, RSMo 1986, indicates the continued applicability to commercial contracts of all supplemental bodies of law except insofar as they are explicitly displaced by the Code, U.C.C. § 1–103, Comment 1, but even so, we do not believe plaintiff's Count V, incorporating all other counts of her petition, can fairly be characterized as an

action in quantum meruit. Further, and although the authorities are not entirely in harmony, modern contract law is that restitution or restitutionary remedies such as quantum meruit are not available as a remedy for a partial breach of contract. See J. Calamari and J. Perillo, *Contracts,* § 15–3, p. 649 (3d ed. 1987); 5 A. Corbin, *Contracts,* § 1104, pp. 558–66 (1964). The contract sued upon in this case contemplates defendant's delivery of 56 items, and in any view of the agreement failure to deliver the one-half interest in the backhoe cannot be characterized as a total breach. Paragraph 3 of Count V might be characterized as an allegation that the defendant had received money from Smith as payment for the *use* of the backhoe, but what the defendant promised was delivery of his interest in the backhoe, not the money earned by using it, and in any event, Count V incorporated by reference allegations of fraud and misrepresentation. To reiterate, we reject the characterization of the action as an action in quantum meruit.

It is nowadays held that if no findings of fact are made and no reasons are assigned for the entry of a judgment, an appellate court must affirm the judgment if it is correct under any reasonable theory. *Thomas v. Estate of Ducat,* 769 S.W.2d 819, 820 [1] (Mo.App.1989); *Wilson v. Dolan,* 767 S.W.2d 569, 571 (Mo.App. 1988); *Jensen v. Borton,* 734 S.W.2d 580, 584 (Mo.App.1987); *Telge v. Telge,* 677 S.W.2d 403, 405 (Mo.App.1984). In this case, we find only a bare docket entry that plaintiff have judgment against the defendant in the amount of $2,300. Proof of the contract of sale was made; the plaintiff testified that she had performed fully and that the backhoe had not been delivered. The value of the backhoe was established by documentary evidence. Plaintiff's recovery was in no sense dependent upon evidence of the use which had been made of the backhoe. The sole question presented was whether the defendant had executed the documents necessary to convey his one-half interest in the backhoe as he had promised. Plaintiff testified he had not. If accepted as true by the trier of fact, the testimony of a single witness is sufficient to establish any fact, including the amount of damages. *McClelland v. Williamson,* 627 S.W.2d 94, 98 (Mo.App. 1982); *Scherffius v. Orr,* 442 S.W.2d 120, 124 [2] (Mo.App.1969). The plaintiff's own testimony and her uncontradicted exhibit established her right to recovery. Inasmuch as there is sufficient evidence to support the judgment without the evidence of which the defendant complains, the possible erroneous admission of that evidence is not grounds for reversal. *Whitley v. Whitley,* 778 S.W.2d 233, 237 [1] (Mo.App.1989). Accordingly, the judgment is affirmed.

MAUS and SHRUM, JJ., concur.