In Re the MARRIAGE of Charlotte. A. BARD, Respondent,

and

John A. Bard, Appellant.

No. WD 31142.

Missouri Court of Appeals, Western District.

Aug. 4, 1980.

James & Sperry, A Professional Corp., Jimmie D. James, Independence, for appellant.

Thayer, Gum & Wickert, A Professional Corp., Charlotte P. Thayer, Grandview, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

PER CURIAM.

This is an appeal by a father from a post decretal order granting his former wife permission to remove a minor child born of the marriage to another state. · A dissolution decree entered February 14, 1977, awarded custody of the minor child, a female now seven years of age, to the wife.

■ Extensive findings of fact and conclusions of law, amply supported by the record, were entered by the trial judge to support the requisite underlying premise that a change of conditions had occurred and that the best interests of the minor child would be served by permitting the wife to remove the minor child to another state. Sec. 452.410, RSMo 1978.

■ Jurisdictional problems and visitation privileges of a noncustodial parent are not insuperable obstacles when removal of a minor child to another state is at issue. *Hart v. Hart*, 539 S.W.2d 679 (Mo.App. 1976); *Good v. Good*, 384 S.W.2d 98 (Mo. App.1965); and *Baer v. Baer*, 51 S.W.2d 873 (Mo.App.1932). In our highly mobile society it would be unrealistic to inflexibly confine a custodial parent to a fixed geographical area if removal to another jurisdiction was consistent with the best interests of the minor child.

As previously noted, the trial judge's conclusion that the best interests of the minor child would be subserved rather than subverted by permitting the mother to remove her to another state was drawn from a sound fact basis. Moreover, continued visitation privileges of the father were appropriately adjusted and provided for in the order entered by the trial court and the mother was obligated to allay certain additional expenses occasioned thereby.

Notwithstanding the father's dissatisfaction, it cannot be said that the order entered by the trial court lacked substantial evidence to support it, or was against the weight of the evidence, or erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); and *In re Marriage of B____ A____ S____*, 541 S.W.2d 762 (Mo.App.1976).

As an extended opinion in this case would have no precedential value, the judgment is affirmed in accordance with Rule 84.16(b).