**Owen Joseph ELFRINK, Respondent,**

v.

**Sarah Ann ELFRINK, Appellant.**

**No. 43214.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 14, 1981.

John P. Lichtenegger, Jackson, for appellant.

Rebecca McDowell Cook, Cape Girardeau, for respondent.

REINHARD, Judge.

Wife appeals from an order of the circuit court modifying a dissolution decree.

During the marriage, the home of the parties was in Cape Girardeau County. On November 30, 1978, the parties were divorced. The decree of dissolution incorporated a separation agreement which gave wife the primary custody of the parties' two minor children and gave husband tempo-rary custody of the children at certain designated times. The central issue in this case revolves around a clause in the separation agreement which provided: "The Parties further agree that the residence of the children shall not be removed from Cape Girardeau County, without the approval of the Court."

Over a year after the dissolution decree was entered, wife filed a motion to modify, which she amended on February 29, 1980, requesting that the court eliminate the above clause from the decree. On March 11, 1980, husband filed a reply to this motion together with a separate motion to modify requesting the court to transfer primary care and custody of the children to him, subject to liberal rights of visitation in wife. Neither of the motions alleged that the children's residence had been changed.

On May 28, 1980, a hearing was held on the motions. The evidence revealed that the wife had obtained employment in Springfield, leased a house there, and moved her furniture to the house. At the time of the hearing, the children still remained in Cape Girardeau County. The evidence further disclosed that both parties were fit parents.

After hearing the evidence, the court rendered an order on June 18, 1980 which transferred custody of the children to the husband. In its order, the court included the following finding:

"Since the entry of the Decree of Dissolution herein on November 30, 1978, changes have occurred in the circumstances of the children and their custodian, the respondent [wife] herein, in that respondent [wife] has sought and obtained employment and has moved outside Cape Girardeau County in contravention of the original agreement entered into between the parties and incorporated in the decree of dissolution of November 30, 1978.

On appeal, wife raises several points, but in substance she contends that the trial court erred in finding that a change had occurred in the circumstances of the children or their custodian warranting a trans-

fer of custody of the children to husband. We agree.

Section 452.410, RSMo 1978, provides:

The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

■ The change of circumstances of the child or custodian must be significant before a child custody decree may be modified. *Smead v. Allen,* 581 S.W.2d 93, 94 (Mo.App.1979).

■ We must affirm the decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ We have scanned the entire record in the case before us in order to determine if there is substantial evidence of significant changed circumstances upon which the court could have made a determination to transfer custody of the children. With great respect for the judgment of the trial court and its opportunity to observe the witness, we are constrained to reverse. The record fails to support a finding of significant changed circumstances warranting a transfer of custody.

Judgment reversed.

DOWD, P. J., and CRIST, J., concur.