In re the MARRIAGE OF Jeanette
LaFON and Lyle LaFon.

Jeanette LaFON (now Liles), Appellant,

v.

Lyle LaFON, Respondent.

No. 14838.

Missouri Court of Appeals,
Southern District,
Division One.

July 9, 1987.

Thomas E. Klinginsmith, Carthage, for
appellant.

No appearance for respondent.

CROW, Chief Judge.

On three occasions within 18 months, the
Circuit Court of Jasper County was called
upon to make a custody determination [1]
regarding Lyle Wesley LaFon ("Wesley"),
born August 28, 1982, the only child of the
marriage of Jeanette LaFon ("Jeanette")
and Lyle LaFon ("Lyle"). The first occa-
sion was when the marriage of Jeanette
and Lyle was dissolved by decree filed Jan-
uary 22, 1985. The second occasion was by
decree filed June 27, 1985, modifying the
custody order in the dissolution decree.
The third occasion was by decree filed June
26, 1986, modifying the custody order in
the decree of June 27, 1985. Jeanette ap-
peals from the third decree.

The custody order in the dissolution de-
cree was:

"... the legal care and custody of the
minor child is granted to the parties
jointly with the primary physical custody
granted to [Jeanette] with the right of
reasonable visitation to [Lyle] to include
having the child in his custody every
other weekend 9:00 a.m. Saturday to 2:30
p.m. Monday beginning January 12, 1985;
every weekday from 7:45 a.m. to 2:30
p.m.; 2 weeks each summer; Labor Day,
Christmas Eve, and Easter on odd num-
bered years; Memorial Day, Thanksgiv-
ing, Christmas Day, August 28th, and
New Year's Day on even numbered
years...."

The decree ordered Lyle to pay weekly
child support to Jeanette.

The decree of June 27, 1985, struck the
above custody order, replacing it with the
following order:

"... the legal care and custody of the
minor child is granted to the parties
jointly with the primary physical custody
granted to [Jeanette] with the right of
reasonable visitation to [Lyle] to include
alternate continuous periods of six (6)
successive days each, beginning June 27,
1985, at 6:30 p.m.; [Jeanette] and [Lyle]
shall each have two (2) two-week periods
of visitation with said minor child during
each calendar year upon giving the other
party thirty (30) days' written notice of
his or her intent to exercise such right of
visitation; [Lyle] shall have the child in
his custody on each Labor Day, Christ-
mas Eve and Easter in odd-numbered
years; Memorial Day, Thanksgiving,
Christmas Day, August 28 and New
Year's Day in even-numbered years...."

1. Section 452.445(1), RSMo 1986.

The June 27, 1985, decree, like the dissolution decree, ordered Lyle to pay weekly child support to Jeanette.

On January 15, 1986, fewer than seven months after entry of the second decree, Jeanette filed a motion to modify it. The facts pleaded by Jeanette in support of modification were:

"... Richard Liles, the husband of [Jeanette], is employed as a member of the United States Air Force, and ... he is to be transferred to Peterson Field AFB, Colorado Springs, Colorado."

The motion averred it was in the best interest of Wesley (a) to permit Jeanette to have primary custody, and (b) "that he be allowed to leave this jurisdiction in order to reside with his mother in the State of Colorado."

Lyle filed an answer to Jeanette's motion, alleging, among other things, that if Wesley were taken by Jeanette to Colorado, Wesley would be "denied the right to have the required companionship of his father and paternal grandparents," that Jeanette's conduct had caused Wesley "to have emotional distress and social disorientation," that Jeanette had "exceeded her weekly visitation rights" and is "constantly late in picking up and delivering the child," and that Jeanette "does not have a home setting that is conducive for the interest and well being of said child." Lyle prayed that primary custody of Wesley be placed with him.

The issues joined by the above pleadings were tried June 18, 1986. Both parties appeared in person and with counsel; both presented evidence.

The trial court's decree, entered eight days later, struck the custody order of June 27, 1985, replacing it with this:

"... the legal care and custody of the minor child is granted to the parties jointly with the primary physical custody granted to [Lyle] with the right of reasonable visitation to [Jeanette] to include having the child in [Jeanette's] custody during June, July and August of each year and one (1) week each Christmas time from Christmas Day to New Year's Day.... The minor child is a resident of the State of Missouri and this Court retains jurisdiction but specifically grants permission to [Jeanette] to take the minor child out of the State of Missouri for the purposes of visitation. [Lyle] is granted the right of reasonable visitation while the child is in Colorado during the months of June, July and August of each year any time [Lyle] is in Colorado, and [Jeanette] is granted the right of reasonable visitation with the minor child any time [Jeanette] is in Missouri."

The decree provided that each party would bear certain costs incurred in transporting Wesley, but it did not require either party to pay child support to the other.

Jeanette briefs two assignments of error. The first avers that the decree "lacked substantial evidence to support it and was against the weight of the evidence in that the decision failed to consider the best interest of the minor child." The second asserts that there was substantial evidence "demonstrating the need for a maternal figure in the child's life," and that allowing Jeanette to take Wesley with her to Colorado "would have promoted the best interest of the child by providing a stable environment" for him. Jeanette asks "that the order of the trial court be reversed and that an order be entered allowing her to remove Wesley from ... Missouri to ... Colorado."

Jeanette concedes that an appellate court, in reviewing a modification of a custody order, must affirm the decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Elfrink v. Elfrink,* 620 S.W.2d 386, 388[2] (Mo.App.1981). Additionally, we are mindful of the admonition that the power of a reviewing court to set aside a trial court's decree modifying a custody order should be exercised with caution and only with a firm belief that the decree is wrong. M___ D___ v. C___ D___, 691 S.W.2d 406, 410[9] (Mo.App.1985). Evidence on the custody issue must be considered most favorably to the result reached, even where—as here—the trial judge makes no specific

findings of fact. *M. v. M.*, 688 S.W.2d 384, 386[5] (Mo.App.1985).

We have carefully studied the 104–page transcript. While it contains evidence arguably sufficient to support a decree awarding Jeanette the relief she sought, we remind Jeanette that the trial court was not obliged to accept such evidence as true, as the trial court in this court-tried case was free to believe or disbelieve all, part or none of the testimony of any witness. *Blankenship v. Blankenship*, 699 S.W.2d 44, 45[1] (Mo.App.1985); *Frost v. Taylor*, 649 S.W.2d 264, 265[1] (Mo.App.1983).

Measuring the evidence by the standards heretofore set forth, we determine that the decree, reviewable under Rule 73.01,[2] is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares the law nor erroneously applies the law. We likewise determine that an opinion setting forth the evidence would have no precedential value. Accordingly, the decree is affirmed in compliance with Rule 84.16(b).

GREENE, P.J., and HOLSTEIN, J., concur.

---

**2.** Rule references are to Missouri Rules of Civil Procedure (18th ed. 1987).