Kathy L. SIMPHER, Respondent,

v.

Daniel G. SIMPHER, Appellant.

No. 54592.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 16, 1989.

Mark Robert Bahn, St. Louis, for appellant.

Mark H. Neill, St. Louis, for respondent.

DOWD, Presiding Judge.

Husband appeals both the provision of the dissolution decree allowing wife to relocate to Indiana with their two minor children in her custody and the award of attorney's fees. We affirm.

Husband, Daniel G. Simpher, and wife, Kathy L. Simpher, were married in Florida on August 23, 1980. Two children were born of that marriage; a girl, born December 29, 1982, and a boy, born May 21, 1984. Wife had one other child, a girl born of a previous marriage, in her custody during the marriage and at the time of dissolution. Wife filed for dissolution which was granted on March 11, 1988.

At the outset we note that the decision of the trial court will be upheld unless it lacks substantial evidence to support it, it was against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Husband's first point on appeal states that the trial court erred in permitting wife to remove their minor children from the state of Missouri because the evidence does not support a finding that allowing such removal is in the best interest of the children.

Section 452.377, RSMo 1986, gives the trial court authority to grant permission to remove minor children from the state when requested. Removal of minor children from a jurisdiction is proper where the best interests of the children will be served. *In re Marriage of Wofford*, 589 S.W.2d 323, 326 (Mo.App.1979). Wife testified that living in a smaller community

would help the children adjust better to the divorce and make them feel more comfortable and safe.

Husband argues that the holding in *Samuels v. Samuels,* 713 S.W.2d 865 (Mo. App.1986), supports his position that separating the father from his children by long distance is never in the best interest of the children. The facts in *Samuels,* however, are distinguishable from this case. In *Samuels,* the wife wanted custody of the children and permission to remove the children to New York where she had a sister. The trial court granted her custody, but denied her permission to relocate with the children to New York. The trial court found her plans too speculative to be in the best interests of the children. She had not secured housing arrangements plus she had no job to be able to afford to obtain any housing. Furthermore, a move to New York would require airplane transportation which would severely limit the amount of visits with their father as such transportation is very costly. The trial court concluded that she did not have a good "setup" in New York, therefore, a move would not be in the best interests of the children.

■ In the case at bar, wife had secured employment that would not result in a pay decrease and has both parents and two aunts who are willing to help care for her children. In addition, Indiana is much closer to Missouri than New York, thereby allowing automobile transportation rather than airplane transportation to see their father which allows for a decrease in traveling expenses and an increase in visits which was not feasible in the *Samuels* case. Furthermore, the interference with the noncustodial parent's visitation privilege is not an insuperable obstacle when removal of minor children to another state is at issue. *In re Marriage of Bard,* 603 S.W.2d 108, 109 (Mo.App.1980). We find substantial evidence to support the trial court's decision. The findings of the trial court did not constitute error. Point denied.

■ Husband's final point on appeal contends that the trial court erred in ordering him to pay $2,000[1] in wife's attorney's fees. Husband argues that such award was an abuse of discretion in light of the financial condition of the parties and the amount of property awarded to wife. We disagree.

Husband asserts that wife was "on equal footing" financially. A review of the record reveals evidence that husband netted approximately $2,200 per month while wife was working part time earning less than half that amount. We find significant disparity of means which supports the award of attorney's fees. Point denied.

Judgment is affirmed.

SIMON and HAMILTON, JJ., concur.

---

1. The entire amount of wife's attorney's fees attested to was $3,000 of which wife is still responsible for $1,000.