In re the MARRIAGE OF Joseph J. CORNISH, Appellant,

and

Karen A. Cornish, Respondent.

No. 55431.

Missouri Court of Appeals, Eastern District, Division Three.

June 13, 1989.

Edward C. Vancil, Inc., Clayton, for appellant.

Mark R. Henry, Clayton, for respondent.

HAMILTON, Judge.

Respondent, Karen Cornish (hereafter "Mother"), initiated this action to modify the provisions of a dissolution decree in order to obtain the trial court's permission to move her minor children to the State of Wisconsin. Appellant, Joseph Cornish (hereafter "Father"), responded to Mother's motion by filing a motion to modify the dissolution decree to award him primary custody of the minor children. The trial court granted Mother's motion to modify and denied Father's motion. Father appeals. We affirm.

The dissolution decree, issued January 30, 1987, granted Mother primary care, custody, and control of the minor children, Justin, born May 2, 1980, and Lauren, born March 23, 1984. It granted visitation and temporary custody rights to Father and ordered him to pay child support.

In May, 1988, Mother filed a motion to modify the dissolution decree to permit her to move the minor children from St. Louis County Missouri to New Berlin, Wisconsin. A job transfer by Mother necessitated the move. Mother, an employee of Anheuser–Busch, Inc., testified that her new job would enhance her career and would allow her to spend more time with the children. Mother's former supervisor, a high-ranking employee of Anheuser–Busch, Inc., also testified to the increased opportunity for advancement offered by the new position.

Since the dissolution, the children have resided with Mother. At the hearing on the motion to modify, undisputed evidence established that both children were well-cared for, happy, and well-adjusted.

The trial court heard detailed testimony regarding the proposed new living environment of the two children. The new residence, located within walking distance of the local elementary school, provided more living space than the St. Louis residence as well as a large yard. It was situated in a residential area comparable to that of the former residence in St. Louis County. The area also offered excellent recreational opportunities.

At the time of trial, Father resided with his fiancee in a three-bedroom mobile home in Fenton, Missouri. Between the date of the dissolution and the hearing on the motions to modify, Father held three different jobs. Evidence adduced at hearing tended to show that Father had some problems with alcohol and with control of his temper.

Father and others testified that he had developed a loving relationship with his children and was interested in their upbringing and well-being. Evidence disclosed that Father exercised his right to visitation and temporary custody on a regular basis. Evidence further showed that Father's fiancee took an interest in the children and participated in a variety of activities with Father and the children.

Father asserts the trial court erred by (1) finding that the best interests of the children were served by allowing them to move to Wisconsin with Mother; (2) permitting Mother's former supervisor to testify as an expert on the promotion policies of Anheuser–Busch, Inc.; and (3) finding that the children's best interests were served by remaining in Mother's custody.

We must affirm the trial court's judgment if substantial evidence supports it, it is not against the weight of the evidence, and no error or misapplication of the law is apparent. *In re Marriage of Turner*, 764 S.W.2d 160, 161 (Mo.App.1989); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In his first point, Father contends that the trial court erred in determining that the best interests of the children were served by permitting them to move to Wisconsin with Mother. Where the custodial parent seeks to remove a child from the state for more than ninety days, he or she must obtain court permission unless the non-custodial parent consents to removal. Section 452.377, RSMo.1986. Moreover, a court may permit removal of a minor child from the jurisdiction when it clearly serves the best interests of the child. *In re Marriage of Turner*, 764 S.W.2d at 163.

Past custody of a child by the moving party and the need of the parent to move from the state are sufficient facts, if proved, to warrant permission to remove a child from the jurisdiction. *Pender v. Pender*, 598 S.W.2d 554, 556 (Mo.App.1980) (relying on *Girvin v. Girvin*, 471 S.W.2d 683, 683 (Mo.App.1971)). In the instant case, the trial court found that the mother had exercised custody and control of the children in an exemplary manner since the dissolution. In addition, the trial court found, based upon uncontroverted testimony, that the move to Wisconsin would benefit Mother professionally and would redound to the benefit of the children as well. Having been presented with evidence regarding the new environment of the children, the trial court determined it represented an improvement over the children's former environment.

In support of his position, Father relies heavily on *Samuels v. Samuels*, 713 S.W.2d 865 (Mo.App.1986). The facts of *Samuels*, however, are clearly distinguishable from those of the instant case. In *Samuels*, the mother sought to remove her two children from Missouri to New York where she had relatives and friends. She had no job in New York and planned to live with her married sister. The trial court denied the mother's removal request, concluding that her plan for subsistence in New York, in terms of employment and residence with her sister, was too speculative an experiment and, accordingly, not in the best interests of the children. In contrast, Mother herein has a good job in Wisconsin and improved housing for her children. Moreover, she introduced evi-

dence of solid prospects for economic betterment.

■ Father argues that the children's move to Wisconsin will preclude him from exercising his rights of visitation and temporary custody to the extent he previously exercised them. He further asserts that Mother is moving primarily to prevent him from visiting his children. While Father is correct that he and other relatives may experience some difficulties in visiting the children due to the increased distance, visitation privileges of the noncustodial parent are "not insuperable obstacles when removal of a minor child to another state is at issue." *In re Marriage of Bard,* 603 S.W.2d 108, 109 (Mo.App.1980). Even where removal will make visitation more difficult, a trial court may properly permit removal of the children when it is in their best interests. *In re Marriage of Wofford,* 589 S.W.2d 323, 326 (Mo.App.1979). Ours is a highly mobile society in which "it would be unrealistic to inflexibly confine a custodial parent to a fixed geographical area if removal to another jurisdiction was consistent with the best interests of the minor child." *In re Marriage of Bard,* 603 S.W.2d at 109.

Father also contends that the trial court's determination is improperly based on speculation because the children are moving from a known, satisfactory environment to one yet unknown. This court, addressing the identical argument in *Girvin v. Girvin,* 471 S.W.2d 683 (Mo.App. 1971), refused to require that the parent seeking removal guarantee the success of the new environment. The court stated that the future of the custodial parent and her new spouse, "like that of many other young people, was not completely charted, with success predetermined. If misfortune is their lot and they cannot provide the home and care which the child must have, then the [non-custodial parent] may, by motion, seek another modification." 471 S.W.2d at 686. Father's first point is, accordingly, overruled.

■ In his second point, Father claims that the trial court erred in allowing Mother's former supervisor, Paul Vachon, to testify as an expert witness. Vachon was, at the time of trial, employed by Anheuser–Busch, Inc., as an executive assistant to the vice-president of sales. Mother had previously worked as his secretary. Called as a witness by Mother, Vachon testified regarding her job responsibilities in her prior position, the process for secretarial promotions at Anheuser–Busch, and the work environment of Mother's new job. He also rendered his opinion concerning Mother's prospects for promotion in her current job in St. Louis and in her new job in Milwaukee.

■ Throughout the direct examination of Vachon, Father's attorney repeatedly objected to the form of questions posed by Mother's attorney, asserting that the questions either lacked foundation or were speculative. At no time did Father's attorney object to the witness's qualifications or challenge his competency to render an opinion on the subjects in question. Thus, the failure by a party to object to the qualifications or competency of an expert witness at trial precludes him from raising such an objection on appeal. *Earney v. Clay,* 516 S.W.2d 59, 66 (Mo.App.1974). Even a proper objection would have offered no basis to exclude Vachon's testimony because "the extent of an expert's experience or training in a particular field goes to the weight of his testimony and does not render his testimony incompetent." *K.S. v. M.N.W.,* 713 S.W.2d 858, 864 (Mo.App.1986). Moreover, the weight and credibility of expert testimony is for the trial judge to determine in a court-tried case. *Id.* Father's second point is denied.

■ Finally, Father argues that the trial court erred in failing to transfer custody of the minor children to him. As both parties recognize, the test for modification of the original child custody order is whether changes have occurred in circumstances of the child and the custodial parent, and whether modification is necessary to serve the child's best interests. *Wilmesherr v. Wilmesherr,* 708 S.W.2d 823, 824 (Mo.App. 1986).

■ The record reflects that the sole change of circumstance, either of the children or of the custodial parent herein, is the anticipated move to Wisconsin. Under the facts of this case, that change is insufficient to require a transfer of custody. *See Warrington v. Warrington*, 684 S.W.2d 368, 372 (Mo.App.1984); *Elfrink v. Elfrink*, 620 S.W.2d 386, 388 (Mo.App. 1981). As in *Warrington*, Father herein has failed to demonstrate that the move would be detrimental to the children. Moreover, we have affirmed the trial court's determination that the move is in the best interests of the children. Accordingly, this point is denied.

Judgment affirmed.

Respondent's Motion to Strike is denied.

DOWD and SIMON, JJ., concur.