Rebecca FLATON,
Cross–Appellant/Respondent,

v.

Frank G. FLATON,
Respondent/Appellant.

Nos. 55472, 55508.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 3, 1989.

Richard Kent Dowd, St. Louis, for respondent/appellant.

Dana A. Hockensmith and Carol Kennedy Bader, St. Louis, for cross-appellant/respondent.

CARL R. GAERTNER, Judge.

Mother and Father were divorced in November of 1986. The dissolution decree incorporated the couple's separation agreement. Mother was awarded primary care and custody of the two minor children. Father was awarded rights of temporary custody and visitation. As part of the separation agreement, Father paid $450 per month for child support. In addition, Father voluntarily included an extra $150 a month in his child support payments until he lost his job in January of 1988.

After losing his job, Father notified Mother that he may have trouble paying child support, and that he had also lost the health insurance benefits which he had for the children through his employer. Shortly thereafter, mother began to look for a new job, one which would pay more money and provide health benefits for the children. Mother applied for several jobs in the St. Louis area and in the Kansas City area. Mother testified the job options in the St. Louis area were either for less or the same salary as her current employment, or were not yet available. Mother saw information on an opening at Parsons State Hospital in Parsons, Kansas. Mother interviewed for the job and was hired as a speech pathologist. The job paid $5,000 more per year than her former position and provided health and medical benefits for her and her children. The position also gave mother an opportunity to attend Kansas University, at no cost, allowing her to pursue a doctorate in speech pathology.

On May 11, 1988, mother filed a Motion for Leave to Remove Children From State after attempts to reach an agreement on

the move had failed. On August 11, 1988, the court entered its order granting mother permission to remove the children from the state. The order also reduced Father's visitation rights from every weekend and every Wednesday to two weekends a month, with the court requiring him to exercise half of his visits in Parsons, Kansas. Father appeals.

In his first point on appeal, father contends that the trial court erred when it allowed mother to remove the children from the state. Father claims that since the trial court did not make any finding that there had been a change in circumstances necessitating the move, that it was error for the court to grant mother's request to move the children out of the state.

The record fails to support father's contention. The trial court expressly found "that economic conditions have arisen which compel [mother] to remove her employment to Parsons, Kansas." Although the court did not denominate this finding as a "change in circumstances," § 452.377 RSMo.1986, which addresses the matter of removing a minor child from the state, imposes no technical requirements of particularized language in the order allowing such removal. In fact, father's loss of employment and health benefits which prompted mother's application for and acceptance of employment in Kansas obviously constitute a change in circumstances.

We agree with father that the best interests of the children are best served by continued interrelationships with both parents. *Perr v. Perr*, 205 S.W.2d 909, 912 (Mo.App.1947). It is this general concern that gave rise to the judicial policy to deny removal of the child to another jurisdiction where the practical consequence was to deny the child reasonable occasion for contact with the other parent. *Pelts v. Pelts*, 425 S.W.2d 269, 270 (Mo. App.1968). The best interests of the child, nevertheless, may supervene to allow the custodial parent to remove the child to another state—even at the disadvantage or inconvenience of the other parent. *Samuels v. Samuels*, 713 S.W.2d 865, 868 (Mo.

App.1986) [citing *Pender v. Pender*, 598 S.W.2d 554, 556 (Mo.App.1980) ].

In a case with facts very similar to the present case, this court found that a move to Wisconsin would be in the best interest of the children. *In re Marriage of Cornish*, 780 S.W.2d 62 (Mo.App.E.D. 1989). In *Cornish*, the mother sought permission to remove her children from Missouri to Wisconsin as such a move would allow her to take a better position with her employer. The court found that since the mother had exercised custody and control in an exemplary manner, and that the move to Wisconsin would benefit the mother professionally and would redound to the benefit of the children as well, that the move should be allowed. The well-written opinion in *Cornish* contains a comprehensive discussion, which need not be repeated here, of the issues and the established principles involved in the consideration of a motion to remove children to another state pursuant to § 452.377. Suffice it to say that where the custodial parent, who has exercised the right of custody and control in a manner conducive to the welfare and development of the children, demonstrates a need to move from the state in order to achieve employment and financial betterment which will subserve the best interest of the children, judicial permission to remove the children is warranted. *Cornish*, 780 S.W.2d at 64.

In this case, there was evidence that mother had reason to believe that financial support and medical care for the children might be in jeopardy as a result of father losing his job. In an attempt to provide security for the children, mother began to seek better employment. As a result of that search mother found a job that paid $5,000 more per year and provided the medical benefits which had been lost. While moving the children to a neighboring state may make it more difficult for father to exercise his visitation rights, this inconvenience does not override the best interests of the children. In the absence of any allegation that mother has exercised her right of custody in a less than exemplary

manner, the evidence that the move would permit mother to take a position which would pay her more money and give her better benefits, all to the benefit of the children, provides ample support for the trial court's order.

■ Father's second point on appeal is that the trial court erred in reducing his temporary custody and visitation privileges from every weekend and every Wednesday to two weekends a month. Father claims that the order should be withdrawn as the court did not make the required finding of physical or emotional detriment to the children necessitating a restriction of existing visitation rights pursuant to § 452.400.2.

While the order of the court does not directly address the issue of physical or emotional detriment to the children, such a finding is implicit in the issuance of the order in conjunction with the order granting permission to remove the children from the state. We may assume that all factual issues were found in accordance with the result reached. *Jensen v. Borton,* 734 S.W.2d 580, 584 (Mo.App.1987). By modifying father's right to temporary custody from one day every weekend to two days every other weekend, the trial court recognized the logistical inconveniences created by the move to Kansas, but did not substantially decrease the amount of time father would have with his children. Limiting the removal of the children from the community of their residence during their most formative years to one weekend per month and six weeks in the summer months represents a balancing between the detrimental effect upon children of disruption in their normal living routine and the desirability of maintaining a relationship with their father. The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and is not based on an erroneous declaration of the law; therefore, we must affirm. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The final issue raised is mother's claim for attorney's fees. In the original order of August 11, 1988, the court granted mother $1850 for attorney's fees. On September 19, 1988, the court heard father's Motion to Amend Judgment. Subsequently, the court amended its original order taxing each party with their own costs.

Requests for attorney's fees are governed by § 452.355. That section provides that the court shall consider all relevant factors, including the financial resources of both parties, in making its determination of whether attorney's fees should be granted. The awarding of attorney's fees is within the discretion of the trial court. *Newman v. Newman,* 717 S.W.2d 568, 570 (Mo.App. 1986). "Only when the trial court is shown to have abused the broad discretion with which it is vested in this regard should its award ... be overturned." *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo. banc 1979).

Mother's reliance on *In Re Marriage of Greene,* 711 S.W.2d 557 (Mo.App.1986) for the proposition that the conduct of the opposing party is a factor to be considered in making a determination on whether a request for attorney's fees should be granted is misplaced. In *Greene* the court found father's opposition to mother's motion to move the children from Springfield, Missouri to St. Louis had no legal or factual basis. The court concluded this opposition, earmarked by dilatory tactics and "every conceivable legal roadblock possible", was a perversion of the judicial system motivated by vindictiveness. *Id.* at 565. Because of these "delaying tactics and procedural overkill" and in light of the ability of the respective parties to pay, the court found the denial of mother's request for attorney's fees to be an abuse of discretion.

The record in this case reflects neither procedural overkill nor improper motivation on father's part. Although the trial court expressly rejected father's contention that mother's move to Kansas was an artifice to keep him from the children, the court did not question father's sincerity regarding such contention. In contrast to the facts in *Greene,* we find nothing in the record of this case tending to indicate improper motives or tactics on father's part. Accordingly, we find no abuse of discretion in the denial of mother's request for attorney's fees.

The judgment of the trial court is affirmed in all respects.

SATZ and SMITH, JJ., concur.