Jeanette LaFON (Now Liles), Respondent,

v.

**Lyle LaFON, Appellant.**

**No. 73410.**

Supreme Court of Missouri, En Banc.

June 11, 1991.

---

James R. Spradling, Carthage, for appellant.

James B. Fleischaker, Joplin, for respondent.

BLACKMAR, Chief Justice.

The marriage of the parties was dissolved by decree entered January 22, 1985. The decree adjudging custody of their son Wesley was modified twice. The second modification was sustained on appeal, *In re Marriage of LaFon*, 733 S.W.2d 51 (Mo. App.1987), when Jeanette moved from Missouri to Colorado.

In June of 1988 Jeanette, now married to Richard Liles, returned from Colorado to Missouri. After some disagreements with her former husband, Lyle, about visits with Wesley, she filed a motion to modify on December 28, 1988. The Court sustained the modification, placing primary legal and physical custody in her, with visitation rights in Lyle.

Lyle appealed to the Missouri Court of Appeals, Southern District, which reversed the judgment, concluding that the basic foundation for a change in custody was not established by Jeanette's move from Colo-

rado to Missouri. We granted transfer because of the important question of statutory interpretation involved, and now affirm the judgment of the circuit court.

Section 452.410.1, RSMo 1986, reads as follows:

Except as provided in subsection 2 of this section, the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Notwithstanding any other provision of this section or sections 452.375 and 452.-400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375, without any further showing.

Jeanette relies on § 452.411, RSMo 1986, reading as follows:

If either parent of a child changes his residence to another state, such change of residence of the parent shall be deemed a change of circumstances under section 452.410, allowing the court to modify a prior custody decree.

Lyle argued, and the court of appeals agreed, that this statutory "change of circumstance" could not be supplied on the basis of a move from Colorado to Missouri. It held that "another state" means a state other than Missouri. We disagree. The plain language is sufficient to include Missouri, and we see no reason for construing the statute restrictively. In this particular situation, the third custody order was actuated by the removal of Jeanette from Missouri to Colorado. We believe that there is sufficient statutory authority for allowing the court to reevaluate the situation on her return to Missouri.

**362**

The trial judge's order also eliminated the provisions for joint legal custody. Both parties agree their relationship makes joint legal custody impracticable, and this part of the trial judge's ruling is not questioned.

■ Lyle further claims that no sufficient reason was shown for allowing a change in custody, arguing that he was not shown to be an incompetent parent. We recognize the cases holding that custody is not to be changed without substantial reason. *See Downey v. Downey*, 696 S.W.2d 336 (Mo.App.1985), and cases cited therein. *See also* § 452.410.1, RSMo 1986. The record shows, nevertheless, that Wesley was facing some problems in school and that there was a hostile relationship between his parents. The controlling circumstance in any custody litigation is the well-being of the child. Section 452.410.1, RSMo 1986. We are not disposed to substitute our judgment for the trial judge's evaluation of the present circumstance.

The judgment is affirmed.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and SEILER, Senior Judge, concur.