Thomas RICE, Appellant,

v.

Kimberly Lea SHEPARD (Now Lucas), Respondent.

No. WD 48260.

Missouri Court of Appeals, Western District.

June 7, 1994.

Debra L. Snoke, Julianne H. Carter, Jolley, Walsh & Hager, P.C., Kansas City, for appellant.

John K. Allinder, Independence, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

ULRICH, Judge.

Thomas Rice appeals from the modification decree which awarded primary physical custody of the minor child born of the marriage between Mr. Rice and Kimberly Lea Shepard, denied Ms. Shepard's motion for leave to remove the child from the State of Missouri, and provided that if Ms. Shepard resumes permanent residence in the State of Missouri within a thirty-mile radius of Kansas City on or after August 15, 1994, primary physical custody of the minor child is to automatically revert to Ms. Shepard. Mr. Rice contests on appeal only the third provision of the court's order, contending that the automatic change of the physical custody of the minor child to Ms. Shepard is dependent on a speculative future occurrence and does not constitute a substantial change in circumstances as provided by § 452.410, RSMo Supp.1993, to permit transfer of the child's physical custody from father to mother.

The marriage between Thomas Rice and Kimberly Lea Shepard was terminated by decree on May 14, 1991. The court awarded legal custody of Alyssa Ann Shepard–Rice, then aged two and a half years, to the parents jointly. The decree granting joint legal custody of the child to her parents was made contingent upon Ms. Shepard's statements to the court that she would reside with her parents in Blue Springs and not in Kansas with "her boyfriend."

In November 1992, Ms. Shepard married Stan Lucas, then residing in Des Moines, Iowa. Ms. Shepard took Alyssa to Des Moines. Mr. Rice remarried on June 3, 1992.

On December 4, 1992, Ms. Shepard filed her motion to modify the dissolution decree, seeking the court's order permitting her to remove the child from Missouri. Mr. Rice filed his answer and a counter motion to modify the dissolution decree to grant him primary physical custody of Alyssa.

The trial court conducted a hearing on June 9, 1993, on the parties' motions and issued its modification decree awarding primary physical custody of Alyssa to Mr. Rice. The modification decree denied Ms. Shepard's motion to remove Alyssa from the State of Missouri, and it denied Mr. Rice's request for child support and attorney fees. The decree also contained the provision at issue now that if Ms. Shepard resumed permanent residence in the State of Missouri within a thirty-mile radius of Kansas City on or after August 15, 1994, Alyssa's primary physical custody would automatically revert to Ms. Shepard.

I

■ Mr. Rice contends as his single point on appeal that the trial court erred in ordering the automatic transfer of Alyssa's physical custody to Ms. Shepard if she resumed permanent residence in the State of Missouri within thirty miles of the Kansas City area on or after August 15, 1994. Mr. Rice claims that such event is speculative, future, and does not constitute a substantial change in circumstances as contemplated by § 452.410, RSMo Supp.1992, sufficient to necessitate Alyssa's transfer of physical custody from father to mother.

■ The standard of review is stated in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The trial court will be affirmed unless it misstates the law, misapplies the law, substantial evidence does not support the judgment, or the judgment is against the weight of the evidence. *Id.* at 32.

■ Section 452.410, provides in part that a court having jurisdiction pursuant to

section 452.450 will not modify a prior custody decree unless "it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." The change in circumstances required by section 452.410 for modification of a minor child's custody placement must relate to the child or his custodian. *Moore v. Moore,* 849 S.W.2d 652, 655 (Mo.App.1993). The change in circumstances must be significant before the custody decree is modified. *Burden v. Burden,* 811 S.W.2d 818, 820 (Mo. App.1991). The residential change of the custodial parent to a distant location away from the noncustodial parent is a change of circumstances within the meaning of section 452.410.1, RSMo Supp.1993, sufficient to grant jurisdiction to the trial court to consider modification of the prior custodial decree. *Adams v. Adams,* 812 S.W.2d 951, 956 (Mo. App.1991); *see also* § 452.411, RSMo Supp. 1992 (changing residence to another state is change of circumstance granting jurisdiction under § 452.410). However, the move alone does not establish that modification is appropriate. *Id.* In *LaFon v. LaFon,* 811 S.W.2d 360 (Mo. banc 1991), the Supreme Court determined that the provision in section 452.-411 defining the change of residence from "to another state" as a change of circumstances under section 452.410 sufficient to allow the trial court to modify a prior custody decree included a move from another state to Missouri. *Id.* at 361. Thus, a former wife's move from Colorado back to Missouri constituted sufficient change of circumstance to permit the trial court to modify the prior Missouri custody decree granting primary physical custody of the child born of the marriage to the former husband. *Id.*

■ Although Ms. Shepard's move from Iowa to Missouri may constitute sufficient change of circumstances warranting the trial court to consider modifying the custody decree, the issue presented is whether the trial court could amend its custodial decree in anticipation of a remote possibility that the event would occur. A court may modify the

child custody decree only upon the showing of changed circumstances which have arisen since the prior decree or which existed at the time of the decree but were unknown or concealed from the court. *Eatherton v. Eatherton,* 725 S.W.2d 125, 128 (Mo.App. 1987); § 452.410. Thus, if an event has not yet occurred and is remote, the court lacks jurisdiction to alter the decree. Additionally, the second requirement of section 452.410.1 before a change in child custody may be ordered compels the trial court to consider the change in circumstances once the court has jurisdiction of the child or his custodian to determine if modification of the decree is necessary to serve the best interests of the child.

Ms. Shepard's move from Iowa back to Missouri would constitute a change in circumstance sufficient to provide the court jurisdiction to consider the entire circumstances then existing to determine whether changing Alyssa's primary custodial parent is in her best interest. However, the court's order contemplated the possibility of Alyssa's mother's move to Missouri "on or after August 15, 1994." The provision incorporates an occurrence potentially so remote that the court cannot possibly consider now the circumstances that might exist when the move occurs granting jurisdiction to consider granting a custodial change. For example, the order directs an immediate change of primary custodial custody from father to mother potentially at any time during Alyssa's minority should her mother move from Iowa to a Missouri residence within thirty miles of Kansas City. A custody decree cannot provide for the automatic transfer of custody upon the change of residence by the non-custodial parent. *See Michel v. Michel,* 834 S.W.2d 773, 777 (Mo.App.1992), rehearing and/or transfer denied (Mo. banc 1992). Thus, the trial court has determined that the fact granting jurisdiction, the noncustodial parents' move to Missouri, is sufficient by itself to constitute a change in circumstance warranting change in custody. This is a misapplication of law.

That portion of the trial court's decree that attempts to provide for automatic transfer of custody of the minor child born to the parties in the event that Ms. Shepard relocates to Missouri is reversed. However, Ms. Shepard contends that she has now moved to the State of Missouri. In the interest of avoiding the additional expense to the parties inherent in initiating new litigation and in the interest of expediting resolution of this matter, this case is remanded to the trial court to determine whether Ms. Shepard now resides within Missouri, having moved from the State of Iowa, and whether the trial court determines that a change in custody is in the best interest of the child, considering the circumstances existing when the court hears the matter.

All concur.