Jonell Phillips (Jones) BIBY,
Plaintiff–Appellant,

v.

Ivan Harris JONES, Defendant–
Respondent.

No. 19201.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 25, 1994.

Jim R. Bruce, Kennett, for appellant.

James C. Bullard, Bullard & Bullard, Kennett, for respondent.

PARRISH, Judge.

Jonell Phillips Jones Biby (mother) appeals an order modifying child custody and determining the amount of child support owed by Ivan Harris Jones (father). The trial court awarded father custody of Ivan Lee Jones (Lee) during 30 days in the summer and gave Lee's paternal grandparents third-party visitation.

Mother contends the trial court's determination of the amount of child support and interest owed is erroneous. She also claims no changes of circumstance were shown warranting modification of child custody.

This court reverses the determination of the amount of arrearage of child support and

accrued interest and remands with directions. In all other respects, this court affirms.

Mother and father were married January 21, 1977. Their son, Lee, was born April 14, 1978. The marriage was dissolved February 26, 1979. Mother was awarded custody of Lee. Father was allowed visitation for two hours each Sunday in the home of father's parents. Father was ordered to pay child support in the amount of $60 per month.

In September 1979, the judgment was modified to allow father "temporary custody" on alternate weekends. The amount of child support was increased to $75 per month. Child support was ordered paid through the office of the Circuit Clerk of Dunklin County.

Father paid child support, with the exception of the payment owed for February 1980, until August 1980. He testified his attorney advised him to stop paying support so he would have leverage to force mother to permit him to exercise temporary custody rights. He characterized the decision to stop paying child support as a "foolish mistake." In August 1992, his wages were garnished. Since then, he has paid $90 per month. He made two additional payments of $150 each.

Father did not keep in contact with mother after the 1979 modification. Both moved several times. Father now lives in Florida. He is married and has another son who was four years old at the time of the hearing. Mother and Lee live at Arbyrd, Missouri.

The trial court found that father's child support was in arrears in the amount of $11,346.12 and that the amount of interest owed was $2,433.85. It modified the custody order by awarding father custody of Lee from June 1 to June 30 of each year and granting Lee's paternal grandparents visitation rights on the first Sunday of each month, on the day after Thanksgiving and on Christmas Eve. Child support was increased to $236 per month. It was ordered paid through the office of circuit clerk.

Mother contends by her first point that the trial court's determination of the amount of delinquent child support and interest owed was erroneous. She argues the trial court did not calculate the amounts in the manner required by § 454.520.[1] She also claims the increased support is retroactive but that the trial court failed to specify the applicable retroactive date.

Section 454.520.1 provides that all delinquent child support based on judgments entered prior to September 29, 1979, draws interest at the rate of 6% per annum through September 28, 1979, and, thereafter, through August 31, 1982, at the rate of 9% per annum. Delinquent child support accruing after August 31, 1982, draws interest at the rate of 1% per month.

Section 454.520.4 specifies that the interest imposed is simple interest, *see Wallemann v. Wallemann,* 817 S.W.2d 548, 549–50 (Mo. App.1991); that it "shall accrue at the close of the business day on the last day of each month and shall be calculated by multiplying the total arrearage existing at the end of the day, less the amount of that month's installments, by the applicable rate of interest." All payments apply first to the amount of support in arrears. § 454.520.4. No payment is construed to be a payment of interest until the entire arrearage of child support has been paid. *Id.*

■ After adding all child support payments required by the terms of the original judgment and the September 1979, modification and deducting all payments made by father, the amount in arrears at the time the modification order was entered is $10,226.12.

The trial court calculated the arrearage of child support to be $11,346.12. Mother argues that the trial court's increase in child support was retroactive; that it erred in not stating the date from which the increased amount was owed. She contends the difference in the amount the trial court calculated and the sum of $10,226.12 is attributable to the award being retroactive.

■ Whether an increase in child support is retroactive is discretionary with the trial court. *Mistler v. Mistler,* 816 S.W.2d 241, 255 (Mo.App.1991); *Otey v. Otey,* 723 S.W.2d 600, 602 (Mo.App.1987); *Brown v. Brown,* 537 S.W.2d 434, 437–38 (Mo.App.1976).

1. References to statutes are to RSMo 1986 unless otherwise stated.

Nothing in the record on appeal indicates that the trial court intended the increase in child support to be retroactive. The difference in the arrearage calculated by the trial court and the amount stated above is the result of miscalculation.

Mother also urges this court to calculate the amount of delinquent interest by using a mathematical formula for determining future value of an annuity. She contends the total arrearage of unpaid child support and interest is $22,920.84.

The formula suggested by mother appears to compound interest as it accrues. This is contrary to the mandate of § 454.520.4 that interest imposed on delinquent child support be simple interest.

Notwithstanding the inapplicability of the formula suggested by mother, the amount of delinquent interest the trial court found to be in arrears is erroneous. The amount of delinquent interest, as calculated in the manner required by § 454.520.4, is $9,125.21. The trial court found the amount to be $2,433.85.

The total amount father owed as of the date of the trial court's order was $19,351.33, i.e., accrued interest of $9,125.21 added to child support arrearage of $10,226.12. This case will be remanded to the trial court with directions that it enter its order of modification accordingly.

Mother's second point contends the trial court erred in awarding father custody of Lee for 30 days during the summer.[2] She argues that there was no showing of a substantial change of circumstances nor that modification was in the best interests of the child.

■ The basis for modifying custody is explained in § 452.410.1, RSMo Supp.1993. A court shall not modify a prior custody judgment unless there has been a change in circumstances that has occurred since the prior order was entered and modification is necessary to serve the best interests of the child.

Section 452.411, RSMo Supp.1993, provides, "If either parent of a child changes his residence to another state, such change of residence of the parent shall be deemed a change of circumstances under section 452.410, allowing the court to modify a prior custody decree." The custody decree was last modified in September 1979. Since that time, father moved to Florida. That suffices as a change of circumstances notwithstanding that father was not Lee's custodial parent. *See, e.g., LaFon v. LaFon,* 811 S.W.2d 360, 361 (Mo. banc 1991).

■ There was substantial evidence that mother had not been cooperative in enabling Lee to visit father. In her testimony before the trial court, she declined to assist in arranging for visitations between Lee and father. Factors that a trial court considers in assessing the best interests of a child for purposes of determining child custody include the needs of the child for continuing relationships with both parents and the likelihood that a parent is likely to allow the child frequent and meaningful contacts with the other parent. § 452.375.2(6) and (8), RSMo Supp.1993. These factors are considered in light of Missouri's public policy of assuring that children from broken marriages have frequent and meaningful contacts with both parents after marriages are dissolved. *See* § 452.375.3, RSMo Supp.1993.

The trial court heard sufficient evidence to permit it to conclude that it was in Lee's best interests to modify custody. There was no abuse of discretion by the trial court in awarding father custody of Lee for 30 days during the summer. Point II is denied.

The order modifying the judgment of dissolution is reversed as to the determination of the amount of arrearage of child support and accrued interest. The case is remanded to the trial court with directions to enter judgment determining those amounts as heretofore stated. In all other respects the

2. Mother also contends, in the argument portion of her brief, that the award of third-party visitation to Lee's paternal grandparents was not in his best interests. This contention is not included in her point on appeal. Points raised in argument, but not included in a point relied on, present nothing for appellate review and will not be addressed. *Jones v. Eagan,* 715 S.W.2d 596 (Mo.App.1986).

order modifying the dissolution of marriage judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.