**Edgar Dean IRELAND, Appellant,**

v.

**Lynette Renee IRELAND, Respondent.**

**No. WD 50421**
**(Consolidated with WD 50541).**

Missouri Court of Appeals,
Western District.

Jan. 30, 1996.

Brent Turner, Chillicothe, for appellant.

David Macoubrie, Chillicothe, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

Edgar Ireland appeals the circuit court's modification of a child visitation order. The order requires that Edgar Ireland and his ex-wife, Lynette Ireland, alternate physical custody of their four-year-old daughter every two months. The circuit court also terminated his ex-wife's child support obligation. We reverse the circuit court's modification of the child's visitation schedule and termination of child support obligation. We affirm the circuit court's awarding Lynette Ireland attorney fees and court costs.

When the circuit court dissolved the couple's marriage on March 26, 1993, it granted Edgar Ireland custody of the couple's only child and gave Lynette visitation privileges. The circuit court ordered Lynette Ireland to pay child support.

Edgar Ireland was in the United States Air Force and assigned to duty at Whitman Air Force Base in Knob Noster. On August 22, 1994, the Air Force transferred him to Wright Patterson Air Force Base in Dayton, Ohio. On August 30, 1994, he asked the circuit court's permission to move his daughter to Ohio. Lynette Ireland filed a cross-motion to modify the decree of dissolution in which she asked for a change in custody and child support.

After a hearing on the motions on November 18, 1994, the circuit court authorized Edgar Ireland to take the child to Ohio. The circuit court also ordered that Lynette Ireland be allowed to visit the child every two months for a 60–day period during each year until further notice. In other words, the child was to live alternately with her father and mother for 60 days at a time. Edgar Ireland appeals.

The circuit court terminated its order requiring Lynette Ireland to pay child support. The circuit court denied Lynette Ireland's motion to modify custody because she had not established a substantial and continuing change in circumstances which warranted a transfer of custody.

On December 19, 1994, Lynette filed a motion requesting appellate attorney fees and costs. Following a hearing on the motion on December 28, 1994, the circuit court awarded her $3000 in appellate attorney fees and $1500 for costs of appeal. Edgar appeals this ruling. We have consolidated both appeals.

■ In the first of four points raised on appeal, Edgar Ireland contends, concerning the circuit court's modification of visitation rights, that although his relocation to Ohio was a change in circumstances, his relocation did not warrant modification of his former wife's visitation rights. He also contends that the modification was not supported by sufficient evidence and that it was not in the child's best interests. He claims that the modified visitation schedule established, in effect, a joint physical custody arrangement which is detrimental to the child's best interests because it will unnecessarily disrupt and confuse her life to be constantly shifted back and forth between her parents every two months.

■ Our paramount concern is the child's welfare. *Chapman v. Chapman*, 871 S.W.2d 123, 125 (Mo.App.1994). A good environment and stable home are primary considerations in determining a child's best interests. *Petty v. Petty*, 760 S.W.2d 555, 557 (Mo.App.1988).

Although the child's move to Ohio obviously will complicate the mother's visitation, interference with the noncustodial parent's visitation privileges is not an "insuperable obstacle." *Simpher v. Simpher*, 770 S.W.2d 488, 489 (Mo.App.1989). "Even where removal may make visitation more difficult, a trial court may properly permit removal of the children when it is in their best interests." *In re Marriage of Cornish*, 780 S.W.2d 62, 65 (Mo.App.1989). "Ours is a highly mobile society [and] it would be unrealistic to inflexibly confine a custodial parent to a fixed geographical area if removal to another jurisdiction was consistent with the best interests of the minor child." *Id.*

Edgar Ireland has been the custodial parent and his daughter's primary caretaker since the divorce. He has a stable relationship with her, and she is well-adjusted in her new environment. Edgar Ireland is remar-

ried, and his second wife, a homemaker, has a good relationship with the child. Lynette Ireland acknowledged that her former husband is a good father. She said that she asked for a transfer of custody because she has a job and residence in Sedalia where she lives with a boyfriend.

We agree with the circuit court's determination that the child's best interests were served by allowing her to move with her father to Ohio. We do not agree, however, with the circuit court's modified visitation schedule.

Although the circuit court's order denied Lynette Ireland's motion to modify, it modified her visitation privileges to the extent that custody was equally divided between the parties with each having their daughter for 60–day intervals. The circuit court, in effect, established a joint physical custody arrangement. This certainly was not the intent of the original decree, and we find no evidence establishing that the child's best interests were served by shifting her back and forth between her parents every two months. Indeed, the circuit court specifically found that a change of custody from the father to the mother was not warranted.

■ Both parties acknowledge that their daughter should have a continuing relationship and meaningful contact with both parents, and neither party has been found to be unfit. We disfavor arrangements which require frequent alternation of a child's physical custody. *In re Marriage of Mayfield,* 780 S.W.2d 139, 143 (Mo.App.1989); *Taylor v. Taylor,* 548 S.W.2d 866, 868 (Mo.App. 1977). A constant shuttling back and forth between parents who reside hundreds of miles apart would be extremely disruptive and confusing for a four-year-old child.

We, therefore, conclude that the circuit court's visitation schedule is not in the child's best interests. We believe the child's best interests would be served by allowing the mother extended visitation during the summer months and holidays. Accordingly, we reverse the portion of the judgment modifying the original visitation schedule and remand for further proceedings.

■ In his second point, Edgar Ireland contends that no facts or law supported the circuit court's terminating Lynette Ireland's child support obligation. He points out that neither party presented a Form 14 as required by Supreme Court Rule 88.01 and that she presented no other evidence which would support termination of her child support obligation. We agree.

■ The only pleading which raised the issue of child support was Lynette Ireland's motion to modify, and the circuit court denied this motion.[1] The circuit court found no change in circumstances. A court can modify a child support obligation only when it finds a changed circumstance so substantial and continuing as to make the terms of the decree unreasonable. *Marra v. Marra,* 857 S.W.2d 520, 522 (Mo.App.1993). When a party establishes a substantial change of circumstances, Rule 88.01 requires the circuit court to either order the child support in the amount calculated pursuant to Form 14 or to make a finding that the Form 14 amount would be unjust or inappropriate after considering all relevant factors. *Bell v. Gilliam,* 852 S.W.2d 198, 201–02 (Mo.App.1993). The circuit court must use Form 14 in calculating child support. *Tuning v. Tuning,* 841 S.W.2d 264, 267 (Mo.App.1992).

In this case, the circuit court denied Lynette Ireland's motion to modify the decree after finding no substantial change in circumstances. Despite this finding, the circuit court modified the decree by terminating her child support obligation. Neither party filed a Form 14, and the court did not follow the mandatory procedures set forth in §§ 452.340 and 452.370 and in Rule 88.01. For these reasons, and in view of our disposition of the previous point, we reverse the circuit court's ruling as to child support and remand the cause for reconsideration in accordance with this opinion.

■ In his third point, Edgar Ireland contends that the circuit court's awarding attorney fees to Lynette Ireland was an abuse of discretion. He argues that no evidence supported the award.

1. Lynette Ireland did not appeal this denial.

A circuit court's award of attorney fees is discretionary and reviewable only for abuse. *Trapani v. Trapani,* 686 S.W.2d 877, 878 (Mo.App.1985). The circuit court is an expert on attorney fees, and its expertise extends to the value of appellate services. *Id.* We presume the circuit court's award of attorney fees is correct, and the complaining party has the burden of proving otherwise. *Thompson v. Thompson,* 853 S.W.2d 410, 413 (Mo.App.1993).

Lynette Ireland testified that she had no funds to pay her attorney. She said that she had no savings in the bank and only $85 in cash. She said that her monthly income was $816. She supported her motion for attorney fees with an affidavit that she and her attorney signed. The affidavit said that her income was less than one-half of her former husband's and that she would incur approximately $10,000 in additional attorney fees for the appeal and $2500 in costs. Her attorney confirmed this. Lynette Ireland said that Edgar was earning $1400 monthly at the time of the divorce and had an additional $350 housing allowance. Edgar Ireland did not testify or appear at the hearing, and his attorney offered no evidence to rebut Lynette Ireland's testimony.

The circuit court's award of attorney fees was less then one-third of the amount Lynette Ireland requested. We discern no abuse of discretion in the court's awarding appellate attorney fees and costs.

Finally, Edgar Ireland contends the circuit court's refusal to stay the proceedings on Lynette Ireland's motion for attorney fees was an abuse of discretion. He argues that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. § 521, required the stay. He did not ask the circuit court for a stay of the proceedings or present this issue at the hearing on the motion for attorney fees. He raises this issue for the first time on appeal; therefore, it has not been preserved for our review. The circuit court cannot be convicted of error on an issue that was never presented before it. *Boatmen's Bank v. Foster,* 878 S.W.2d 506, 508 (Mo.App.1994). In any event, his attorney appeared at the hearing and announced that he was ready to proceed. We deny the point.

We reverse the portion of the circuit court's judgment modifying visitation and child support. We remand these portions for the circuit court's reconsideration in accordance with this opinion. We affirm the circuit court's award of attorney fees and costs.

All concur.